JUIF v. STATE HIGHWAY COMMISSIONER.

1. DEEDS—ATTEMPTED CONVEYANCE OF RIGHT OF REVERTER BEFORE
   BREACH OF CONDITION SUBSEQUENT.
   An attempted conveyance of land before breach of condition
   subsequent by the possessor of a possibility of reverter conveys
   nothing, and operates to extinguish the possibility of reverter
   not only as to the grantor but as to his heirs since once it is
   extinguished it is nonexistent and cannot be inherited.

2. SAME — CONDITION SUBSEQUENT — SUBSEQUENT CONVEYANCE OF
   WHOLE TRACT—INTENT.
   Grantor who had previously conveyed a 33-foot strip on a city
   lot to one party for railway purposes with reversion to grantor
   upon cessation of such use and then conveyed to another by
   deed warranting property to be free from any incumbrances
   whatever, but including in the description the previously-con-
   veyed strip, held, to have intended to convey the property
   described, in the absence of ambiguity, even though it be as-
   sumed grantor did not intend his warranty against incum-
   brances to apply to that which was in fact incumbered.

3. SAME—EVIDENCE OF INTENT—LATENT AMBIGUITY.
   Evidence aliunde is not admissible to determine the intent of the
   grantor, assuming his intent to have been other than that
   which is derived from inspection of the deeds as executed and
   delivered, where circumstances are not such as to create a
   latent ambiguity.

4. SAME—DESCRIPTIONS—LATENT AMBIGUITY—EVIDENCE.
   Where the descriptions in deeds of a city lot can be laid upon the
   ground and are found to correspond to the boundary lines of
   the lot as it exists, the mere fact that the descriptions include
   land the grantor had previously conveyed and no longer owned
   would not create a latent ambiguity, hence rejection of evi-
   dence as to quantity of land grantor intended to convey was
   proper.

POTTER and McALLISTER, JJ., dissenting.

Appeal from Wayne; Campbell (Allan), J. Submitted October 13, 1938. (Docket No. 91, Calendar No. 40,165.) Decided December 21, 1938.

Ejectment by Andrew Juif, Jr., and others against Grover C. Dillman and Murray D. Van Wagoner, as former and present State Highway Commissioners, respectively, to secure possession of land and for damages. Judgment for defendants. Plaintiffs appeal. Affirmed.

` Donald M. Dixon and Wayne Van Osdol, for plaintiffs.

Raymond W. Starr, Attorney General, and H. Attix Kinch, Assistant Attorney General, for defendants.

CHANDLER, J. Plaintiffs brought suit in ejectment claiming to be the owners of land located in the township of Dearborn, Wayne county, described as:

"The south 33 feet of lot No. 8 of the subdivision of the estate of Cyrus Howard, deceased, of lot No. 5 of the military reservation, according to the plat thereof made by A. H. Wilmarth, copy of which plat is recorded in the office of the register of deeds in Wayne county in liber 434 of deeds, on page 182, said strip of land lying next north of and adjacent to the highway known as Michigan avenue or the Chicago road and extending across the entire front of lot No. 8."

They are the sole heirs at law of Andrew Juif, Sr., who, prior to August 24, 1911, was the owner of an undivided two-thirds interest in the whole of said lot 8. On the date mentioned, Andrew Juif, Sr., and wife, together with the owners of the remaining

one-third interest in said lot, conveyed the south 33 feet thereof to Frank W. Brooks, trustee. The strip thus conveyed was immediately north of and adjacent to the north line of Michigan avenue as then established. The deed to Brooks as trustee provided:

"And it is further understood and agreed that the said above described premises shall be used for railway purposes, only, and ceasing to be used for such purposes shall revert, to said first parties, their heirs or assigns."

On August 20, 1913, the widow and heirs of Nicholas Juif, deceased, conveyed their outstanding undivided one-third interest in said lot to Andrew Juif, Sr. This deed described the whole of lot 8. By warranty deeds dated October 11, 1913, and May 4, 1914, respectively, Andrew Juif, Sr., and wife, conveyed to Samuel Orr and Ida F. Orr, his wife, lot 8, the descriptions in said deeds including the south 33 feet thereof which had previously been conveyed to Brooks as trustee. By various mesne conveyances from Brooks as trustee, title to the 33-foot strip of land is claimed by Murray D. Van Wagoner, highway commissioner of the State of Michigan, as successor to Grover C. Dillman, his predecessor in office, who received a quitclaim deed thereof on August 27, 1930.

In 1929, the strip of land was abandoned as far as being used for railway purposes is concerned. Plaintiffs, heirs at law of Andrew Juif, Sr., claim that upon cessation of such use, title to the land in dispute reverted by virtue of the provision contained in the deed to Brooks and that by operation of law is now vested in them.

It was stipulated that neither of the defendants claimed any interest in the property in any manner

other than in an official capacity, and that although ejectment was a proper remedy, due to the fact that the 33-foot strip in question was practically covered by the pavement of Michigan avenue, such remedy was inadequate, and that therefore in the event of judgment for plaintiffs, condemnation proceedings would be instituted pursuant to the statutes applicable thereto.

The trial court, believing that the two deeds from Andrew Juif, Sr., and wife, to Samuel Orr and his wife, operated to extinguish any right of entry which Juif, Sr., or his heirs might have had upon breach of the condition subsequent contained in the deed to Brooks, trustee, entered judgment for defendants. Plaintiffs have appealed.

Plaintiffs seek no quarrel with the proposition that an attempted conveyance of land before breach of condition subsequent by the possessor of a possibility of reverter conveys nothing, and operates to extinguish the possibility of reverter, and recognize that such is the rule in this jurisdiction as reiterated in *Dolby* v. *State Highway Commissioner*, 283 Mich. 609 (117 A. L. R. 538), and established by cases cited therein. In support of their claims, however, they first contend that this rule has never been applied, by this court at least, and should not be applied in the instant case where those seeking to recover possession are heirs of the party who created the reversionary interest. In other words, they submit that the possibility of reverter was not extinguished as to them, heirs of Andrew Juif, Sr., by the deeds of the latter to Orr and wife, although conceding that it was extinguished as to the ancestor through whom they claim.

To our mind, this argument may be disposed of with little discussion. If we agree that the deeds to the Orrs extinguished the possibility of reverter as to Andrew Juif, Sr., it is difficult to comprehend by

what reason or authority, once having been extinguished, it could still be transferred to plaintiffs as heirs. Obviously, something nonexistent cannot be inherited. The point was decided adversely to plaintiffs in *Rice* v. *Railroad Co.,* 12 Allen (94 Mass.), 141, in which it was held that the possibility of reverter was extinguished even though the conveyance obtaining this result named as grantee an heir of the grantor who held the reversionary interest. More significant, however, is the fact that the court considered the rights of the plaintiff as *heir* as well as his rights as grantee under the deed, and said:

"The only doubt which has existed in our minds on this point arises from the fact that the son and heir of the original grantor of the premises is the demandant in this action. But on consideration we are satisfied, not only that the son took nothing by the deed, but also that the possibility of reverter was extinguished so that the original grantor had no right of entry for breach after his deed to the son, and the latter can make no valid claim to the demanded premises either as grantee or as heir for a breach of the condition attached to the original grant. A condition in a grant of land can be reserved only to the grantor and his heirs. But the latter can take only by virtue of the privity which exists between ancestor and heir. This privity is essential to the right of the heir to enter. But if the original grantor alienes the right or possibility in his lifetime before breach, the privity between him and his heirs as to the possibility of reverter is broken. No one can claim as heir until the decease of the grantor, because *nemo est hæres viventis;* and upon his death his heir has no right of entry, because he cannot inherit that which his ancestor had aliened in his lifetime. The right of entry is gone forever.''

The next point raised by plaintiffs is based upon the argument that from the nature of the deed to the Orrs and from other surrounding circumstances, it is apparent that Andrew Juif, Sr., did not intend to include the 33-foot strip in the deeds to Orr and wife, and that no conveyance of the land having therefore been made, the possibility of reverter was not extinguished but passed to plaintiffs as heirs, who are possessed of a right of entry now that the condition subsequent has been breached.

It is not disputed that the combined descriptions contained in the two deeds to Samuel Orr and wife include the strip of land in its entirety without reservation or exception. But plaintiffs claim that because the deeds in question warranted the property "to be free from all incumbrances whatever," an intention to convey only such land as was unincumbered is evidenced. In other words, the argument seems to proceed on the theory that because an incumbrance existed by reason of the prior conveyance to Brooks, trustee, with a condition subsequent attached thereto, the grantor, with knowledge thereof, would not subsequently warrant the land to be free from all incumbrances, and that because he undoubtedly did not intend the warranty to apply to the 33-foot parcel, it is evidence he did not intend to convey it. We must confess difficulty in comprehending this argument. The descriptions in the two deeds mentioned are unambiguous and include the disputed land, which had been previously conveyed by the grantor subject to a condition subsequent. Even if we should assume that Andrew Juif, Sr., did not intend his warranty against incumbrances to apply to that which was in fact incumbered, we fail to see how it could have any effect on the question as to the quantity of land conveyed or intended to have been conveyed. This question must be con-

trolled by the descriptions to be found in the deeds which embrace the whole of lot 8, including the property in dispute. In the absence of ambiguity, it must be said that the grantor intended to convey that which he described. '

Plaintiffs also submit that it is apparent that their ancestor did not intend to convey this strip of land to Mr. and Mrs. Orr because, they claim, the surrounding facts and circumstances can be considered in determining the intent of the grantor inasmuch as a latent ambiguity exists in the two descriptions. The trial court rejected the testimony offered as bearing upon the question of intent, and correctly so, because we fail to find that the descriptions in the two deeds are subject to any ambiguity, either latent or patent. Evidence aliunde is not admissible under these circumstances to determine the intent of the grantor, assuming his intent to have been other than that which is derived from inspection of the deeds as executed and delivered. 16 Am. Jur. Deeds, p. 673, § 412. As to what constitutes a latent ambiguity existing in a description contained in a deed, see 16 Am. Jur. Deeds, p. 674, § 414; *Detroit, G. H. & M. R. Co.* v. *Howland,* 246 Mich. 318 (68 A. L. R. 1). The descriptions in the Orr deeds present no latent ambiguity. Each deed describes a part of lot 8, including the disputed strip of land. The descriptions contained therein can be laid upon the ground and are found to correspond to the boundary lines of the lot as it exists. It is not a case where the description to be found in the deed develops to be equally applicable to separate and distinct parcels of land. The mere fact that the descriptions include land that the grantor had previously conveyed and no longer owned does not create a latent ambiguity.

The evidence offered as bearing upon the intent of Andrew Juif, Sr., as to the quantity of land he desired to convey to Mr. and Mrs. Orr was properly rejected by the trial court.

Judgment affirmed, with costs.

Butzel, Bushnell, Sharpe, and North, JJ., concurred with Chandler, J.

Wiest, C. J. I am constrained by former decisions to concur.

Potter, J. (*dissenting*). I dissent from the opinion herein which reaffirms the rule of *Halpin* v. *Rural Agricultural School District*, 224 Mich. 308, and *Dolby* v. *State Highway Commissioner*, 283 Mich. 609 (117 A. L. R. 538).

There are three opinions in *Dolby* v. *State Highway Commissioner*,—that of Mr. Justice Bushnell which reaffirms the principle of *Halpin* v. *Rural Agricultural School District* based upon the ancient common-law rule no longer in force here,—a concurring opinion by Mr. Justice North who collected and cited a number of cases from jurisdictions other than Michigan where there are no statutes in force similar to those in force here. I shall not review the authorities mentioned in the dissenting opinion.

By statutes in force here since 1846, estates, as respects the time of their enjoyment, are divided into estates in possession, and estates in expectancy. 3 Comp. Laws 1929, § 12927 (Stat. Ann. § 26.7). An estate in expectancy is where the right to the possession is postponed to a future period. 3 Comp. Laws 1929, § 12928 (Stat. Ann. § 26.8). Estates in expectancy are divided into future estates and reversions. 3 Comp. Laws 1929, § 12929 (Stat. Ann. § 26.9). A reversion is the residue of an estate left

in the grantor or his heirs, or in the heirs of a testator, commencing in possession on the determination of a particular estate granted or devised. 3 Comp. Laws 1929, § 12932 (Stat. Ann. § 26.12). It is fatuous to contend the estate left in the grantor in this case was other than a reversion.

Expectant estates are descendible, devisable and alienable, in the same manner as estates in possession. 3 Comp. Laws 1929, § 12955 (Stat. Ann. § 26.35). A reversion, being an expectant estate, is alienable in the same manner as an estate in possession. Conveyances of any estate or interest in lands may be made by deed (3 Comp. Laws 1929, § 13278 [Stat. Ann. § 26.521]), regardless of who may be in actual possession of the same. 3 Comp. Laws 1929, § 13283 (Stat. Ann. § 26.526).

I think we have followed the ancient and absurd rule of *Halpin* v. *Rural Agricultural School District* asserted in direct violation of the express language of applicable statutes long enough, and that we ought not to continue knowingly to subject this court to the derision of the bench and bar; that those cases should be overruled. For these reasons, I dissent from the opinion of the majority herein.

McALLISTER, J. (*dissenting*). I concur in reversal for the reasons given by Mr. Justice POTTER in his opinion in *Dolby* v. *State Highway Commissioner*, 283 Mich. 609 (117 A. L. R. 538).