GIESE, Appellant, vs. GIESE, Respondent.

*March 8—April 13, 1943.*

582

For the appellant there was a brief by *Lehner & Lehner, Adolph P. Lehner, Howard W. Eslien,* and *Howard Lehner,* all of Oconto Falls, and oral argument by *Mr. Eslien.*

*L. M. Evert* of Marinette, for the respondent.

BARLOW, J. The evidence is undisputed that the appellant went to the home of the respondent and requested that he accompany him to a scrivener for the purpose of deeding the land in question to him, and the deed was executed in accordance with the directions of the appellant. All acts by the appellant were free and voluntary on his part. There is no evidence that the respondent in any way requested that the premises be deeded to him or that he made any promise to induce the execution of this deed. Appellant had the right to make a gift to his son if he desired to do so. He informed his son that he was giving him this property, and informed others that he had done so. The deed recited full payment and makes specific reference to the land contract.

The question to be determined is, "What was the intention of the appellant at the time of the execution of the deed?" In order to make this determination we have the deed and the

conduct of the appellant after its execution. Our court has held that deeds, like other instruments, should be construed so as to arrive at the intention of the parties. If there is no ambiguity, this must be arrived at from the language used, and effect should be given to all of the provisions, if that is possible without doing violence to the language used. *Polebitzke v. John Week L. Co.* 157 Wis. 377, 147 N. W. 703. The deed is clear and unambiguous. Appellant acknowledges receipt of the payment of the purchase price, and the instrument shows that it is a conveyance of the specific property described in the land contract. Appellant made no claim or demand for further payments after the deed was executed for a period of nearly six years. He informed members of his family that he had conveyed the property to the respondent. He was fearful that he might be required to pay an obligation of one of his children if he retained this property. All of this points to one conclusion, and that is that it was his intention to make a gift of this property to the respondent at the time of the execution of the deed.

We are confronted with a further rule of law in this case. Assuming the testimony of the appellant is correct, that he made this conveyance for the purpose of avoiding an obligation for which he felt he might be held liable, it was then a fraudulent conveyance, and this appellant is in no position to come into court and ask for relief as a participant in a fraudulent conveyance. It is a fundamental rule of law that the court will not protect a party to litigation who has perpetrated a fraud on another in connection with the matter in litigation. 23 Am. Jur. p. 1002, sec. 182. By his own testimony he intended to defeat the claim by making this conveyance, and he now asks the court for relief from the fraud which he perpetrated. He has not come before the court with clean hands.

The evidence is sufficient to sustain the finding of the lower court on the ground that a gift had been made by appellant,

which canceled the indebtedness. The decision must also be affirmed upon the further ground that everyone who engages in the fraud scheme forfeits all rights to protection, either at law or in equity.

*By the Court.*—Judgment affirmed.