FLYNN, Appellant, vs. PALMER and others, Respondents.*

*April 7—May 3, 1955.*

* Motion for rehearing denied, with $25 costs, on June 28, 1955.

44

For the appellant there was a brief by *Strehlow & Cranston* of Green Bay, and oral argument by *Max H. Strehlow.*

For the respondents there was a brief by *Welsh, Trowbridge, Wilmer & Bills,* and oral argument by *Richard J. Gould,* all of Green Bay.

GEHL, J.   The trial court was of the opinion and the defendants contend that by the terms of the instrument there was created an express trust with no provision for the disposition of the property on the death of the grantor, and that, consequently, by virtue of the provisions of sec. 231.18, Stats., the remainder reverts to his heirs.   The statute provides as follows:

"REVERSION IN GRANTOR. Whenever an express trust is created every estate and interest not embraced in the trust and not otherwise disposed of shall remain in or revert to the person creating the trust or his heirs as a legal estate."

Plaintiff makes a rather forceful argument that the paper sets forth two independent, divisible provisions. Her contention may not be brushed aside summarily. The granting clause, standing alone and ignoring the habendum clause (which is not an essential part of a deed, sec. 235.06, Stats.), constitutes a complete and unequivocal conveyance of the fee. It recites that the property is "sold." The creator of a trust does not sell. The grant is not made to the grantee as a trustee but to her in her personal capacity. The word "trust" does not appear. It discloses an intent by the grantor to divest himself of all interest in the estate except the income during his life.

Likewise, with respect to the habendum clause: It may be read as an undertaking, complete in itself, on the part of the grantee to pay to the grantor the net income of the property during his lifetime. Particular force is given to plaintiff's argument by the fact that the paper is executed and signed by both parties. The grantee's signature would have been unnecessary if it had been intended that she was to take no more than a trust interest in the property. For that purpose her mere acceptance of the delivery of the deed would have sufficed. It does not appear that she signed the paper for the mere purpose of indicating her acceptance of it. So construed, it would follow that the trust was created by the grantee by the terms of the habendum clause, and that sec. 231.18, Stats., would be applicable to her. She created the trust and the interest not embraced therein and not otherwise disposed of remains in her.

We do not reject plaintiff's contention that the two portions of the instrument should be treated as independent provisions. Her argument is persuasive and her conclusion

is fortified by a study of the instrument as a whole. The purpose of the court is to ascertain the intention of the parties, which is to be done by considering all the provisions of the instrument, and by giving effect to such intention. We have already referred to some of the circumstances which we believe indicate a purpose on the part of the grantor to divest himself of all interest in the property and to grant to the sister the fee title to the property charged with the trust created by the habendum clause. There are other circumstances. The absence of an express provision in the instrument for the disposition of the remainder would indicate that the grantor assumed that it would go to his sister. If that had not been his intention there was no real reason for the document. He would have given her nothing thereby. It is true, of course, that the absence of such provision is not conclusive; but the fact may not be overlooked when seeking to ascertain the intent of two presumably rational persons.

The presence of the revenue stamps upon the instrument is a most significant circumstance. Their presence creates a presumption that $7,000 was paid for the deed by the sister. *Matter of McGeehin,* 134 Misc. 334, 235 N. Y. Supp. 477. If it had been intended that by execution of the instrument no more was to be accomplished than the creation of a trust, consideration was unnecessary. 54 Am. Jur., Trusts, p. 51, sec. 41; Restatement, 1 Trusts, p. 98, sec. 29. Revenue stamps were required only in the case of actual sale of property, *Berry v. Kavanagh* (6th Cir.), 137 Fed. (2d) 574.

It is not reasonable to infer that the grantee paid $7,000, or even any smaller amount, for the conveyance if she and the grantor understood that she was acquiring no more than the obligation to collect and account for the rents during the life of her brother. One does not ordinarily pay for the mere privilege of accommodating another.

The trial court relied principally upon *Townshend v. Frommer,* 125 N. Y. 446, 26 N. E. 805. Although in that case

the language of the deed involved is similar to that used here, it does not appear that some of the important circumstances here existing and to which we have called attention were present in that case. Counsel for defendants cite several cases to the point that the use of the term "in trust" is inconsistent with the idea that the absolute estate was intended to be granted. Stated as a general proposition that is true, of course, but we may not in our search to ascertain the intent of the parties, limit our effort to a search for the effect to be given to but one expression contained in the deed. As we have already pointed out, everything contained in the deed is to be taken into consideration.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.

* Motion for rehearing denied, without costs, June 28, 1955.