Joseph Mann Library Association, Respondent, vs. City of Two Rivers, Appellant.

*March 5—April 3, 1956.*

442

444

For the appellant there was a brief by *F. W. Dicke,* city attorney, and *Fred G. Dicke,* assistant city attorney, and oral argument by *Fred G. Dicke.*

For the respondent there was a brief by *Clark, Rankin & Nash* of Manitowoc, attorneys, and *Don A. Olson* of Two Rivers of counsel, and oral argument by *Mr. Olson* and *Mr. John P. Nash.*

BROADFOOT, J. This case involves the construction of the deed given by the plaintiff to the city in 1913. The defendant contends that the deed is ambiguous and argues for a certain construction thereof.

It first contends that conditions subsequent which work a forfeiture are to be strongly construed against the grantor. There seems to be no quarrel about this rule. However, the plaintiff states that this is not an action for forfeiture and that said rule need not be considered. The trial court, in construing the deed, followed the rule laid down in *Giese v. Giese,* 242 Wis. 581, 584, 9 N. W. (2d) 67, as follows:

"Our court has held that deeds, like other instruments, should be construed so as to arrive at the intention of the parties. If there is no ambiguity, this must be arrived at from the language used, and effect should be given to all of the provisions, if that is possible without doing violence to the language used."

The trial court determined that the library located upon the real estate described in the 1913 deed is the Joseph Mann library; that the board of directors of that library is the board of directors appointed by the defendant from nominees of the plaintiff; that any city library board or other board of directors appointed by the defendant otherwise than from nominees of the plaintiff is not the board of directors of said library; that only said board of directors appointed as provided in the deed can expend the defendant's appropriation for the Joseph Mann library. Contrary to the contention of the defendant, the trial court held that there were sufficient allegations of violations of the conditions of the deed and that, under the liberal rules of pleading for determining the sufficiency of allegations in a complaint when attacked by demurrer, the complaint states a cause of action. We agree that the complaint does so constitute a cause of action. The deed provides for appropriations to be made by the city and that said appropriation is to be expended by the board of directors as they may deem necessary for such purposes.

The defendant calls attention to the language that the Joseph Mann Library Association is to be considered an auxiliary in the management of the library, and to the further provision that, save as aforesaid, the city is to have complete control and management of the library pursuant to the law relating thereto.

Although the deed is not drafted in the most precise language, taken as a whole we have no difficulty in construing it as did the trial court. Deeds are construed as are other instruments. They speak as of the time of execution and delivery. *Mathy v. Mathy,* 234 Wis. 557, 291 N. W. 761. When the language of a deed is susceptible of two meanings, the practical construction given to it by the acts of the parties is of great force in determining its construction. *Georgiades v. Glickman,* ante, p. 257, 75 N. W. (2d) 573, and cases there cited. Since 1893, under similar provisions in the two

deeds, the parties have agreed that the management and control of the library and the expenditure of the funds raised by the city be under the sole direction of the board of directors. This board is separate and distinct from the plaintiff. Even if the provisions of the deed were said to be ambiguous, this interpretation thereof adopted and acted upon by the parties over so long a period would be controlling in determining the intent of the parties when the deeds were executed and delivered.

The defendant finally contends that the 1913 city council was without power to limit the legislative and governmental functions of future councils. That may well be. However, a municipality may take property in trust for a free public library within its boundaries. This is clearly an educational purpose and is therefore a public charity. *Estate of Mead,* 227 Wis. 311, 277 N. W. 694, 279 N. W. 18. The rules relevant to public charities will govern. The maintenance of public libraries is a public purpose and municipalities may, if authorized by the legislature, raise moneys therefor by taxation even though the library is operated by a nonstock, nonprofit corporation, or where the original trustees are named in a donor's will and are self-perpetuating. *State ex rel. La Crosse Public Library v. Bentley,* 163 Wis. 632, 158 N. W. 306. In 1913 when the last deed was executed and delivered, secs. 931 and 931*a* of the statutes were in effect and they authorized the defendant to appropriate money to the library. The city, of course, cannot be compelled to continue to raise the amount of its recent appropriations. It has effective control of the library through its control of the purse and the confirmation of the members of the board of directors.

*By the Court.*—Order affirmed.