GROSSHANS and wife, Plaintiffs and Appellants, v. RUEP-ING, Defendant and Respondent: RUDOLPH and others, Impleaded Defendants and Respondents.*

*October 5—October 31, 1967.*

* Motion for rehearing denied, with costs, on December 29, 1967.

520

For the appellants there was a brief by *Cross, Langer & Krainik* of Baraboo, and oral argument by *Clyde C. Cross.*

For the respondent Paul R. Rueping there was a brief by *Hill, Miller & Quale* of Baraboo, and oral argument by *James H. Hill.*

For the respondents Merlin L. and Della M. Denzer, and Virgil and Velma Strait, there was a brief by *Arthur, Tomlinson & Gillman* of Madison, attorneys, and for Charles W. and Alta R. Rudolph by *Hans O. Helland* of Wisconsin Dells, attorney, and *Ray A. Tomlinson* and *Bruce Gillman,* both of Madison of counsel, and oral argument by *Bruce Gillman.*

HANLEY, J.   The Grosshanses and Rueping are adjoining landowners, and a dispute arises out of two conveyances by the common grantors, Virgil Strait and his wife. Prior to August 16, 1947, the Straits owned all of the land presently owned by the Grosshanses and Rueping, the description in their deed reading as follows:

"The North Half (N ½) of Southwest Quarter (SW ¼) of Section Ten (10), Township Twelve (12) North, of Range Six (6) East, except a parcel of .354 acres as described in a highway conveyance from the grantors to Sauk County, recorded in Volume 144 of Deeds, page 73 Records of Sauk County, Wisconsin."

By a deed executed August 16, 1947, the Straits conveyed a portion of this tract to respondents Merlin L. Denzer and wife, to wit:

"One and one-quarter acres located in the north west corner of the north one-half of the south west one-quarter of section 10, township 12, north of range 6 east, excepting only, that portion of said tract heretofore conveyed for highway purposes to Sauk County, recorded in Volume 144 of Deeds, on page 73 in the office of the Register of Deeds for Sauk County, Wisconsin, said one and one-quarter acres to be 15.8 rods north and south and 12.65 rods east and west."

The Denzers later conveyed to respondents Charles Rudolph and wife, using the same land description as in the deed from the Straits. On August 16, 1962, the Rudolphs conveyed to Rueping. The description used in the Rueping deed reads as follows:

"One and one-fourth (1¼) acres in the Northwest corner of the Northwest Quarter of the Southwest Quarter (N. W. ¼ S. W. ¼), Section Ten (10), Township Twelve (12) North, of Range Six (6) East, being 15.8 rods North and South and 12.65 rods East and West. 1.25 acres."

In 1949, two years after conveying the corner parcel to the Denzers, the Straits conveyed to Cyril H. Gasner and Marcella Gasner, his wife, who subsequently conveyed to appellants, both deeds containing the following description:

"The north one-half of the southwest quarter (N ½ SW ¼) of section ten (10), township twelve (12) north, of range six (6) east; except one and one-quarter (1¼) acres located in northwest corner of said eighty acres as described in warranty deed to Merlin L. Denzer and Della M. Denzer, his wife, recorded in Volume 202 of Deeds, page 224, Sauk County records; and except a parcel of .354 acres as described in highway conveyance to Sauk County, recorded in Volume 144 of Deeds, page 73, Sauk County records."

The dispute arose because of the existence of two highways: U. S. 12, the center line of which coincides with the west line of the north one-half of the southwest quarter of the section; and a town road, the center line of which coincides with the north line of the north one-half of the southwest quarter of the section.

There has been no conveyance of record for the land occupied by the town road on the north. In 1929 there was a conveyance to the county for the widening only of U. S. 12, to wit:

"A parcel of land in the NW ¼ of the SW ¼ of Section 10, T12N, R6E, Town of Delton, Sauk County.

"Said parcel includes all the land lying within 45 feet east of the following described center line:

"Commencing at a point 2575 feet west of the S ¼ corner of Section 10; thence N4°11'W, 1315.9 feet to the point of beginning and south property limits of the

grantor; thence continuing on said course 1286 feet to the north property limits of the grantor.

"This parcel excludes all land already in use for highway purposes and encroachment and contains 0.354 acres more or less."

This amounted to a 12-foot strip running the distance from the northern to southern boundaries of the common parcel adjacent to the lands already in use as part of U. S. 12. There has been no conveyance for that part of the quarter section used by U. S. 12 prior to the time of the above conveyance.

The appellants in support of their motion for summary judgment filed an affidavit setting forth the description of the disputed area as follows:

"That part of the North one-half (N ½) of the Southwest quarter (SW ¼) of Section Ten (10) Township twelve (12) North, of Range Six (6) East, Sauk County, Wisconsin, described as follows: Commencing at the Northwest corner of the North half (N ½) of the Southwest quarter (SW ¼) of Section Ten (10), Township twelve (12) North, Range six (6) East; then South 15.8 rods along the West line of Section Ten (10) to the point of beginning; thence Easterly 12.65 rods more or less; thence Northerly 15.8 rods to a point on the North line of the North half of Southwest quarter (SW ¼) of Section Ten (10) aforesaid; thence Easterly along said North line 52 feet more or less; thence Southerly 293.70 feet more or less; thence Westerly 261 feet more or less to the West line of the Southwest quarter of Section Ten (10), thence Northerly along said line 33 feet more or less to the point of beginning."

They then set out the land descriptions contained in the various deeds both in Rueping's and their own chain of title from the common grantors, the Straits, and the deed to Sauk county for the additional highway lands. They are thus asking this court to construe their deed to encompass the lands in dispute and direct summary judgment ejecting Rueping from the lands.

It is Rueping's contention that the parcel conveyed from the Straits to the Denzers should not be measured from the northwest corner of the southwest quarter of the section but rather from the right-of-way lines of U. S. 12 and the town road. Thus, the land in dispute, which is L-shaped and lies south and east of the land indisputably owned by Rueping, is an amount equal to the portions of U. S. 12 and the town road which would be within the calls of Rueping's deed if it were construed to begin at the northwest corner of the southwest quarter of the section. On the east, however, it is apparent that respondent Rueping is claiming a strip seven feet wider than the lands occupied by U. S. 12. This is due to the fact they claim adversely lands held by his predecessor in title, Rudolph, under lease from Gasner.

In an affidavit from Rueping in opposition to the motion for summary judgment, he alleges that since the highway conveyance to the state took place prior to the conveyance from the Straits to the Denzers, they obviously could not convey such land to them and that the west line of his parcel is not the center but the edge of U. S. 12. He further alleges that the north line of the parcel was established by the Straits and the Denzers as a south line of the town highway and that the parties evidenced their intention by erecting a fence around the property.

Gasner and wife also executed an affidavit wherein they stated that at the time they purchased, in 1949, from the Straits (Gasners are in the Grosshans chain), there existed a line fence between their property and the Rueping parcel, then owned by the Denzers; and that the fence continued to exist throughout the time they owned the property until it was conveyed to the plaintiffs, with the exception that in 1952 or 1953, they leased along the easterly boundary of the Rueping parcel, then owned by the Rudolphs; that the Rudolphs moved the fence eastward to enclose the leased lands; that the Rudolphs sub-

sequently terminated the lease in 1953 or 1954 but that the affiants are without recollection as to whether the fence was moved back or not; and finally that affiants never encountered any dispute concerning the boundary.

The Rudolphs' affivadit contains different dates with respect to the lease of the strip of land and states that the lease included a strip along the southern boundary of what is now the Rueping parcel. The affiants allege they moved the fence along the easterly boundary back to its original position when the lease expired and that the fence along the southerly boundary was removed in 1957 or 1958 because it was dilapidated, and that at no time did they ever encounter a boundary dispute.

There are three other affidavits: One by the common grantors, the Straits, and one by the Denzers, both of which are to the effect that the intent of the parties was that a net one and one-quarter acres be conveyed, and exclusive of any highway right-of-way; and that Merlin L. Denzer erected the fence with that intent in mind. Finally, there is an affidavit by the scrivener of the deed from Strait to Denzer that the deed was intended to convey a net one and one-quarter acre parcel exclusive of prior easements or highway conveyances.

From the affidavits of the parties the case can be seen to involve a contention by appellants that the deeds from Strait to Denzer and from Strait to Gasner be construed in their favor as a matter of law and a contention by respondents that the deeds are ambiguous and resort can be had to parol evidence to ascertain the parties' intent.

The trial court construed the deed to Denzer as including the highway lands, and as therefore not including the disputed lands, but construed the Gasner deed (the description of which is identical with that of the Grosshans deed) as also not including the disputed lands because the parcel now owned by Rueping and the 1929 highway conveyance were excepted separately. The mo-

tion for summary judgment was denied because the plaintiffs could not show good title to the land in question. It is worthy of note that in the trial court's opinion, the title to the disputed strip remained in the Straits, the common grantors.

The trial court held that the deed from the Straits to the Denzers must be construed as including the lands previously conveyed for highway purposes. Thus, the land described by the deed would abut the section line on the east and the quarter section line on the north. The basis of the trial court's decision was the language "located in the northwest corner" and the fact that there was no clearly expressed intent to limit the acreage of the land to that which lies entirely outside of the public highways. The trial court cited *Spence v. Frantz* (1928), 195 Wis. 69, 217 N. W. 700, wherein the question arose as to whether the vendees, who had entered into a contract to purchase land consisting of 110 acres more or less, were required to pay the contract price for five and one-half acres subject to the easement of public highways. The court therein stated at page 71:

"The contract here in question contained no provision evidencing a clearly expressed intent to limit the acreage of the land sold to that which lies entirely outside of the public highways. These highways are not even named as the boundaries of this land."

The court was also of the opinion that to construe the deeds otherwise would leave the title in the highway subject to the highway easement in the Straits. However, the *Spence Case* also states that the conveyance of abutting property transfers the legal title to the land to the center of the adjacent street or highway, in the absence of a clear intent to the contrary, even where the conveyance names the highway as the boundary of the parcel conveyed. And thus the trial court's construction is not necessary to accomplish this last purpose.

The trial court then construed the plaintiff's deed as not including the disputed land either, however. The trial judge was mistakenly of the opinion that the excepted highway lands amounting to .354 acres were entirely included in the exception of the property already deeded to the Denzers. But computation shows that roughly .07 acres of the excepted highway lands fall within the Denzer exception and that the remainder of the acreage lies south of the Denzer exception. Thus the highway exception need not be wholly ignored as the trial judge thought.

We agree with the trial court's description of the land in the Denzer deed but not for the reasons given in the memorandum opinions. The description of the land to be conveyed by the Denzer deed is unmistakably the parcel in the northwest corner of the quarter section, measuring 12.65 rods east and west and 15.8 rods north and south. The corner is easily located, and there is nothing within the four corners of the deed to suggest that the description of the property is to begin elsewhere.

Defendants in arguing their deed includes the disputed area earnestly urge that the intent of the parties is controlling and that their intent as disclosed by the affidavits of the common grantors, the Straits, and the Denzers and the Rudolphs, Rueping's predecessors in title, was to convey a net one and one-quarter acres exclusive of highway lands. However, defendants forget that the primary source of the intent of the parties is what they wrote within the four corners of the deed and that it is only when a deed is ambiguous that the intent of the parties can be manifested by extrinsic evidence. In *Elofrson v. Lindsay* (1895), 90 Wis. 203, 205, 63 N. W. 89, the court stated:

". . . where the description of the premises in a deed is definite, certain, and unambiguous, extrinsic evidence to show acquiescence in a different location is inadmissible, unless such practical location is followed by an adverse possession for such a length of time as to bar an action for the recovery of the lands . . . ."

While it would be superfluous for the court to hold as to the ownership of the highway lands, although the language in the deed of the additional .354 acres, "grant and convey . . . for highway purposes, as long as so used" is the grant of an easement,[1] it has been held that the mere fact that the description includes the land that the grantor had previously conveyed and no longer owned does not create a latent ambiguity. *Juif v. State Highway Commissioner* (1938), 287 Mich. 35, 282 N. W. 892.

The trial court apparently construed the plaintiff's deed not to include the disputed land because, in its opinion, to construe it otherwise would be to render the exception of the lands included in the highway conveyance meaningless. Such would not actually be the case as previously pointed out and an examination of the Gasner deed, that of the plaintiffs' predecessor in title, and the plaintiffs' deed reveals that the entire south one-half of the southwest quarter of the section was conveyed with the exception of the highway conveyance and the parcel now owned by Rueping. The disputed area is not within the highway lines nor within the parcel now owned by Rueping. Thus, the plaintiff is entitled to summary judgment unless defendant Rueping can prevail on his contention that he is within the provisions of secs. 893.06 and 893.07, Stats., relating to adverse possession under color of title.

It is argued that when the legal description of lands is ambiguous and is capable of being construed to include the lands in dispute, the parties who occupied the disputed land did so under color of title as to that disputed land and acquired title by adverse possession. This contention was raised before in *Zeisler Corp. v. Page* (1964), 24 Wis. 2d 190, 128 N. W. 2d 414, but the court did not there decide the question. The argument has its appeal because an ambiguous deed and a defective title both purport to

---

[1] *Thorndike v. Milwaukee Auditorium Co.* (1910), 143 Wis. 1, 15, 126 N. W. 881.

the grantee to do that which they cannot, but here there is no ambiguity in the deed and so the question need not be decided.

The defendant Rueping on October 27, 1966, filed an order to show cause why he should not be permitted to file a proposed counterclaim in which he sought reformation of the deed establishing his title. The record does not indicate any hearing was held or any disposition of such motion. Therefore, the question of reformation of the deed is not before us.

*By the Court.*—Order reversed and summary judgment granted to the appellants.

---

* Motion for rehearing denied, without costs, on December 22, 1967.