RIKKERS and another, Appellants, v. RYAN, Respondent.

*No. 75–116. Submitted on briefs February 2, 1977.—Decided March 1, 1977.*
(Also reported in 251 N. W. 2d 25.)

For the appellants the cause was submitted on the brief of *Henry B. Buslee* of Fond du Lac.

For the respondent the cause was submitted on the brief of *Molbreak Law Office* of Madison.

HANLEY, J.   The following issue is presented on appeal: Is the extent of the easement to be measured from the south line of Illinois Avenue?

This case involves the construction of the deed granting the easement to Ryan's predecessor in 1952. Deeds are construed as are other instruments, *Joseph Mann Library Ass'n v. Two Rivers*, 272 Wis. 441, 446, 76 N.W.2d 388, 391 (1956), and thus the purpose of the court is to ascertain the intention of the parties. *Flynn v. Palmer*, 270 Wis. 43, 47, 70 N.W.2d 231, 233 (1955).

Our first step in construction of a deed is to examine what is written within the four corners of the deed, for this is the primary source of the intent of the parties. *Grosshans v. Rueping*, 36 Wis.2d 519, 528, 153 N.W.2d 619, 623 (1967). If the language of the deed is unambiguous, then its construction, as the construction of other unambiguous instruments, is purely a question of law for the court, but when there is an ambiguity, the sense in which the words therein are used presents a question of fact. 6 Thompson, *Real Property* sec. 3022, at 450 (1962); 26 C.J.S. *Deeds* sec. 108, at 912–13 (1956); *Patti v. Western Machine Co.*, 72 Wis.2d 348, 353, 241 N.W.2d 158, 161 (1976).

Also, where a deed is susceptible to only one interpretation, extrinsic evidence may not be referred to in order to show the intent of the parties. *Grosshans v. Rueping, supra* at 528, 153 N.W.2d at 623.

In support of their contention that the language "north line of Lot 1" means the centerline of the adjacent Illinois Avenue, the Rikkers primarily rely upon the rule of law that the conveyance of property abutting on a street or highway transfers the legal title to the land to the center of the adjacent street or highway, in the absence of a clear intent to the contrary. *Grunwaldt v. Milwaukee*, 35 Wis.2d 530, 539, 151 N.W.2d 24, 30 (1967).

The above rule, however, has been held by this court not to apply where the word "lot" is used to indicate a reference point in the description of land conveyed by deed. The case of *Wegge v. Madler*, 129 Wis. 412, 109 N.W. 223 (1906) involved the conveyances of two parcels of land out of a larger parcel which consisted of lot 1 and lot 2. Lot 2 was immediately adjacent to the south of lot 1. These two lots were situated at the southeast corner of the intersection of Ogden Avenue and Van Buren Streets; thus lot 1 was bounded on the north by Ogden Avenue, and both lots were bounded on the west by Van Buren Street. The description of the land conveyed to the plaintiff commenced "at a point fifty feet east of the northwest corner of said lot 1," while the description of the land conveyed to the defendant commenced "at the northwest corner of lot 1." The dispute, of course, was as to the location of the northwest corner of lot 1, the plaintiff claiming, by the same argument advanced by the Rikkers here, that the northwest corner of lot 1 was actually located at the intersection of the centerlines of the two streets. The defendant, on the other hand, contended the corner of the lot was at the point of intersection of the south line of Ogden Avenue and the east line of Van Buren Street. The court noted:

". . . in view of the fact that the owner of such lot or land has no right to possession or occupancy of any public street or highway adjoining the same, it is not customary to mention such street or highway in making a conveyance of such lot or land." *Id.* at 417, 109 N.W. at 226.

Thereupon, the court held ". . . the lot must be understood to mean the land independently of the street or avenue." *Id.* at 418, 109 N.W. at 227.

Application of the holding in *Wegge v. Madler* to this case compels the conclusion that the language in the warranty deed that the easement may extend 400 feet south from the "north line of lot 1" means that distance is to

be measured from the south line of Illinois Avenue, which is the north line of the land independent from the avenue. This language of the warranty deed is, therefore, unambiguous, and the trial court's conclusion as a matter of law is correct.

Moreover, even if the language were considered ambiguous, and a question of fact presented as to the intention of the parties, the extrinsic evidence submitted at trial by the Rikkers cannot establish that the trial court's finding was against the great weight and clear preponderance of the evidence. The only contrary evidence offered by the plaintiff was the testimony of William Burling, the conveyor of the easement. While Burling was not permitted to testify as to his intention in granting the easement he did testify that he believed the easement began at the centerline of Illinois Avenue. The trial judge, however, rejected this testimony for the reason that it was absolutely contrary to a survey conducted in 1955 by the county surveyor at the request of Burling and other owners of the land involved. In conjunction with this survey, a map was made and certified by the county surveyor. Furthermore, in 1958 Burling prepared a petition for direct annexation to the village of Green Lake, and to this petition he attached a map of this property, which map was also certified by the county surveyor. Subsequent to the annexation, this map was recorded in the office of the register of deeds. Both maps, the accuracy of which Burling obviously acknowledged, represented that the easement commenced at the south line of Illinois Avenue and extended to a point 400 feet south of that line.

In a trial to the court, the trial judge determines the credibility of the witnesses and the weight of the evidence. *Kleinstick v. Daleiden,* 71 Wis.2d 432, 442, 238 N.W.2d 714, 719–20 (1976). As the trier of fact the court may choose to reject the testimony of a witness, and in this case the trial judge properly did so. The trial judge was entitled to rely upon the survey maps. *See Hajec v.*

*Novitzke,* 46 Wis.2d 402, 413, 175 N.W.2d 193, 198 (1970). In the instant case it may not be said that the evidence presented by the plaintiffs constitutes the great weight and clear preponderance of the evidence. Therefore, the trial court's finding may not be disturbed. *Milbauer v. Transport Employes' Mutual Benefit Society,* 56 Wis.2d 860, 862–63, 203 N.W.2d 135 (1973).

Since both causes of action alleged by the Rikkers depend entirely upon the question of whether Ryan extended the driveway beyond the 400 foot limit of the easement, and measuring from the south line of Illinois Avenue as we hold, there is no evidence which establishes Ryan overstepped that limit, the trial court properly dismissed the Rikkers' complaint.

*By the Court.*—Judgment affirmed.

DAY, J., took no part.