REISE, Respondent, vs. ENOS, imp., Appellant.

*April 11 — April 29, 1890.*

*Easement: Right of way: Appurtenant or in gross? Enlargement.*

Where the owner of land conveys in one deed a part thereof and a right of way over the other part, obviously useful and necessary to the beneficial enjoyment of the land granted, the grantee takes such right of way as appurtenant to the land granted only, and cannot, by reservation in a subsequent conveyance of such land, enlarge such right of way or extend it to other lands owned by him.

APPEAL from the Circuit Court for *Waukesha* County.

This is an action to perpetually enjoin the defendants from closing up a so-called alley, over which the plaintiff claims a right of way, and for damages for the temporary obstruction of the same. The right of way as claimed extends from lot 2 of Kimball's plat of subdivision of part of Mill reserve in the village of Waukesha, westward across lots 3 and 4 of said plat, to Clinton street, which lies west of said lot 4. All of said lots front upon Mills street upon the north. At the time of the commencement of the action the plaintiff was the owner of said lot 2, the defendant Elihu Enos owned said lot 3, and the defendant *Frances H. Enos* owned said lot 4. Other facts will appear from the opinion. The defendant *Frances H. Enos* answered separately, and appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Parks & Robinson* and *Griswold, Chafin & Martin*, and the cause was argued orally by *Geo. E. Robinson*, and *M. S. Griswold*. They contended, *inter alia*, that an easement in gross is never presumed when it can be fairly construed to be appurtenant to some other estate. *Spensley v. Valentine*, 34 Wis. 160; *Cahill v. Layton*, 57 id. 600, 610; Washb. Easem.

40, 232; *Dennis v. Wilson*, 107 Mass. 591; *Louisville & N. R. Co. v. Koelle*, 104 Ill. 455; *Kramer v. Knauff*, 12 Ill. App. 115; *Potter v. Iselin*, 31 Hun, 134. One who has a right of way over another's land to a particular close, cannot enlarge it to other closes. *Smith v. Porter*, 10 Gray, 66; *Kirkham v. Sharp*, 1 Whart. 323, 29 Am. Dec. 57; Washb. Easem. 60, 185–7; *Lewis v. Carstairs*, 6 Whart. 193; *Schroder v. Brenneman*, 23 Pa. St. 348; *Rexford v. Marquis*, 7 Lans. 249; *French v. Marstin*, 24 N. H. 440, 57 Am. Dec. 294; *Comm. v. Wood*, 10 Pa. St. 97; *Watson v. Bioren*, 1 Serg. & R. 227, 7 Am. Dec. 617; *Davenport v. Lamson*, 21 Pick. 72; *Leach v. Hastings*, 147 Mass. 515; *Case of Private Road*, 1 Ashm. (Pa.), 417; *Carter v. Page*, 8 Ired. Law, 190. The easement, being appurtenant to lot 3, could not be reserved by *Reise* in his deed conveying that lot. *Garrison v. Rudd*, 19 Ill. 558; *Gunson v. Healey*, 100 Pa. St. 42; *Dennis v. Wilson*, 107 Mass. 591; Washb. Easem. 9; *Louisville & N. R. Co. v. Koelle*, 104 Ill. 455; *Potter v. Iselin*, 31 Hun, 134; *Kramer v. Knauff*, 12 Ill. App. 115.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

Cole, C. J. There does not appear to be any sufficient ground for holding, upon the undisputed facts, that the plaintiff, *Reise*, as owner of lot 2, acquired a right of way over lot 4 by prescription, because he had not owned that lot twenty years when this action was commenced, and it does not appear that his grantors ever had or claimed the right to pass across lots 3 and 4 to Clinton street. Indeed, one of his grantors, Mr. Hill, distinctly testified that while his wife owned lot 2 there was no right of way across there, and that they never went through in that direction, but that the ordinary way was out from the back of lot 2; and, he adds, there was a high fence built up to *Mr. Reise's* store, and at the rear of the store came down to this double

privy.   This evidence effectually disposes of any claim or
pretense to a right of way from lot 2 over lot 4 founded
upon adverse user of twenty years, if such claim were seri-
ously insisted upon, as it is not.   The right of way, if it
exists, must rest upon grant; and there, in fact, is where
the plaintiff's counsel does rest it.

It appears that *Reise* was at the commencement of the
action the owner of lot 2, it having been conveyed to him
by Hill and wife in August, 1870.   He was formerly the
owner of lot 3, it having been conveyed to him in 1864 by
Cook and wife, who then owned both lots 3 and 4.   In this
deed from Cook to *Reise* of lot 3, there is granted, among
other things, " a right of way from Clinton street across
the rear of said lot 4 to the rear end of lot 3, to be used in
common with the owners and occupants of said lot 4 and
with the said parties of the first part, and their heirs and
assigns," reserving a room in the privy, which was on the
back end of lot 3, for the use of the grantors and assigns.
In May, 1887, *Reise* conveyed lot 3 to the grantor of the
defendant Elihu Enos, by a deed which contained this
clause: " Saving and reserving to the said parties of the
first part, from the operation of this conveyance, the right
of way being in use in and across the rear of lot 3 for their
use in common, and the use of their heirs and assigns for-
ever, with the owners and occupants of said lot 3, for use
as a passage-way to the right of way in the rear of lot 4, in
said plat of said subdivision of said Mill reserve running
across said lot 4 to Clinton street, in said village; also giv-
ing and granting to said parties of the second part the use
of the right of way from Clinton street across the rear of
lot 4 to the rear end of said lot 3, in common with the par-
ties of the first part, their heirs and assigns forever, and the
owners and occupants of said lot 4.   It is intended to spe-
cially reserve hereby from the operation of this conveyance
the right of way to the parties of the first part, their heirs

and assigns forever, the free and uninterrupted right of way across the rear of said lots 3 and 4." In April, 1874, Cook and wife executed a deed to the appellant *Frances H. Enos*, conveying lot 4, in effect, with this reservation, subject to the right of way and passage from Clinton street across the rear of said lot 4 to the rear end of lot 3.

Now, it is on the language of these deeds that the plaintiff predicates his right, as owner of lot 2, to the right of way from that lot across lot 3, and also across the rear of lot 4 to Clinton street; and the simple question presented is, Can that right be maintained upon the language of the deeds? So far as lot 3 is concerned, there can be no doubt, as he expressly reserved that right in his conveyance to the grantor of Elihu Enos. He owned lot 3, and could reserve such right of way in his grant. There is no controversy upon that point. But, after he had conveyed away lot 3, can he still claim the right to a passage-way across lot 4? The contention of appellant's counsel is that the right of the grantee in the deed from Cook to *Reise* in 1864, when lot 3 was conveyed, of a right of way from Clinton street across the rear of lot 4 to the rear end of lot 3, was a right of way appurtenant to lot 3, and that this right cannot be enlarged so that it can be used or maintained in connection with any other lot to which he subsequently acquired a title; for, he says, the easement granted was not one in gross, but was to be enjoyed by the owner of lot 3, and could not be applied to another estate. We think this position is correct and is sustained by the cases to which counsel refers.

It is very clear that the easement is not what is called in the books an "easement in gross," that is, a personal right only, which might be assigned by the grantee to another person, but that it is an easement or right of way which is appurtenant to the land conveyed, and which will pass with that lot to another, where proper words of con-

veyance are used. Such an easement is not presumed to be personal where it can fairly be construed to be appurtenant to some other estate. Washb. Easem. *29, *161; *Dennis v. Wilson*, 107 Mass. 591; *Louisville & N. R. Co. v. Koelle*, 104 Ill. 455. In the language of the authorities, lot 3, to which the easement is appurtenant, is the dominant estate, and lot 4, over which the easement is enjoyed, is a servient estate. It scarcely need be remarked that it is essential that the two estates should belong to different persons; for if the two estates belong to the same individual, he would have the right, as owner, to use each in any manner that might suit his convenience or pleasure. But, as to the point that *Reise* had, by the original deed of 1864, an easement or right of way over lot 4 as appurtenant to the lot conveyed to him, that is to say, lot 3, it seems to us there can be no doubt upon the authorities; and it appears to be equally well settled in the law that where, by one and the same deed, for one consideration, a man conveys a parcel out of a larger tract of land, and grants a right of way to him and his heirs in his own land obviously useful and necessary to the beneficial enjoyment of the land granted, the grantee takes the right of way therein as appurtenant to the land granted only, and has no right to use it as appurtenant to other land afterwards acquired. This is, substantially, the language of Chief Justice SHAW in *Stearns v. Mullen*, 4 Gray, 151. To the same effect are the decisions in *Davenport v. Lamson*, 21 Pick. 72; *Cotton v. Pocasset Mfg. Co.* 13 Met. 433; *Smith v. Porter*, 10 Gray, 66; *French v. Marstin*, 24 N. H. 440; *Schroder v. Brenneman*, 23 Pa. St. 348; *Gunson v. Healy*, 100 Pa. St. 42.

It is said that the right of way from Clinton street across the rear of lot 4 to the rear end of lot 3, contained in the deed from Cook to *Reise*, is granted in general terms, and does not restrict the right to lot 3, or expressly declare it

appurtenant to that lot. But still the legal implication is that the right was to be used and enjoyed by the owner of lot 3, and in connection with that lot. It is, therefore, appurtenant to lot 3, to which it is annexed, and cannot be enjoyed separate and distinct from the lot to which it belongs. Nor could *Reise*, to whom the right was originally granted, enlarge the right, and subject the servient estate to a new species of burden. But it is a general principle that, where an easement has become appurtenant to an estate, it follows every part of such estate, into whosesoever hands the same may come, by purchase or descent, providing the burden on the servient estate is not thereby increased. This doctrine is fully discussed and illustrated in Washb. Easem. (3d ed.), 34, 36; Godd. Easem. 324. And it is well settled that, if a person has a right of way over the land of another to a particular close, he cannot enlarge it or extend it to other closes. That doctrine is decisive of this case. It follows that the plaintiff, *Reise*, had no right to the use of the way over the rear of lot 4 except as the owner of lot 3, and could not, by virtue of the grant, use the way in connection with lot 2, which he subsequently acquired; for he had parted with his estate in lot 3. This point is so clearly and distinctly decided by the cases to which we have referred, and others which might be added to the same effect, that it is unnecessary to discuss the question further here.

We do not see that *Reise's* right is affected, so far as lot 4 is concerned, by the reservation in his deed to the grantor of Elihu Enos. Of course he had the right of way through lot 3, which he had conveyed; but that was of no practical value to him unless he could use it in connection with the right of way across lot 4 to Clinton street. But, as that right of way was only appurtenant to lot 3, he could not use it as a right of way to and from lot 2, because to do so would enlarge and extend the right over the servient estate to another lot. The right of way from lot 2 across lots 3

and 4, as we have said, rests upon grant, or on the language of the deeds referred to. There is no claim that, by the recorded plat which is mentioned in the conveyances, such right of passage existed by dedication. Indeed, the latter claim, if made, would be fully set at rest by the testimony of Hill, who says that while his wife owned lot 2 there was no passage-way across in that direction which was used. This satisfactorily shows that no such way in fact existed or was supposed to exist in consequence of an alley being marked on a plat extending from Clinton street to the southwest corner of lot 2. In many cases where lots are platted and conveyed according to the recorded plat, which shows an alley or street abutting or bounding the lot, an inference arises that it was intended to dedicate the alley or street for the benefit of the adjoining lot-owners. But from the undisputed facts in this case no such inference can be made.

In any view which we have been able to take of the case, we think the judgment of the circuit court must be reversed and the cause be remanded with directions to dismiss the complaint.

*By the Court.*— It is so ordered.

ORTON, J., dissents.