BOREK CRANBERRY MARSH, INC., Plaintiff-Appellant,

v.

JACKSON COUNTY, Defendant-Respondent.†

Court of Appeals

*No. 2008AP1144. Submitted on briefs October 8, 2008.
—Decided August 27, 2009.*

**2009 WI App 129**

(Also reported in 773 N.W.2d 522.)

† Petition to Review granted, decision pending.

437

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Dan Arndt* of *Arndt, Buswell, & Thorn S.C.*, Sparta.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mark B. Hazelbaker* of *Hazelbaker & Associates, S.C.*, Madison.

Before Vergeront, Lundsten and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. Borek Cranberry Marsh, Inc. appeals an order of the circuit court granting summary judgment in favor of Jackson County. Borek filed suit seeking a declaratory judgment recognizing its interest in an easement providing the right to remove sand from adjacent property owned by the County. The issue in this appeal is whether the sand removal right granted by the County to a previous owner of Borek's land was personal to the previous owner, or whether it was transferable to subsequent owners like Borek.

¶ 2. Borek argues that the sand removal right was transferable because the sand removal right does not evince an express or necessarily implied intent to create a personal right that would overcome the presumption of transferability of conveyances established in WIS. STAT. § 706.10(3) (2007–08).[1] We agree. Accordingly, we reverse and remand for the circuit court to enter an order granting summary judgment in favor of Borek.

## BACKGROUND

¶ 3. Jackson County owns property adjacent to a cranberry farm owned by Borek in the Town of Knapp. Borek received ownership of its property from the original shareholders of the corporation, Julius and Darlene Borek, who received their interest from Carl

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

and Ann Nemitz in a deed dated May 8, 1978. That deed also granted an easement to Carl Nemitz providing water flowage rights and the right to remove sand from the adjacent county land for $500.

¶ 4. Seeking to make use of the sand removal right in its cranberry farming operation, Borek brought an action for a declaratory judgment to enforce the easement. The parties filed cross-motions for summary judgment. The circuit court granted summary judgment to the County, concluding that the right of sand removal in the deed was personal to Nimitz and therefore was not transferable to Borek. This appeal follows.

## DISCUSSION

¶ 5. We review a grant of summary judgment de novo, applying the same methodology as the circuit court. *Westphal v. Farmers Ins. Exch.*, 2003 WI App 170, ¶ 9, 266 Wis. 2d 569, 669 N.W.2d 166. In this case we must examine the language of the deed conveying the sand removal right to Nimitz to determine whether the right was personal to Nimitz or transferrable to subsequent owners. The meaning and scope of the language of a deed is reviewed as a matter of law without deference to the trial court's determination. *Hunter v. Keys*, 229 Wis. 2d 710, 715, 600 N.W.2d 269 (Ct. App. 1999).

¶ 6. An easement is an interest in land possessed by another. *Atkinson v. Mentzel*, 211 Wis. 2d 628, 637, 566 N.W.2d 158 (Ct. App. 1997). We explained in *Gojmerac v. Mahn*, 2002 WI App 22, ¶ 18, 250 Wis. 2d 1, 640 N.W.2d 178, that easements come in two classes, "appurtenant" and "in gross." An appurtenant easement

is one which is "tied to ownership or occupancy of a particular unit or parcel of land," while an easement in gross is not tied to ownership or occupancy of a unit or parcel. *Gojmerac*, 250 Wis. 2d 1, ¶ 18. An easement that is not transferable to another is said to be "personal" to the grantee. *See* RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 1.5 (2000).

■

¶ 7. In its briefs, Borek focuses on whether the easement at issue—the sand removal right[2]—is appurtenant or in gross. Borek appears to assume that this classification is determinative of whether the right is transferable or personal. We note that some early cases use the words "personal" and "in gross" interchangeably when referring to nontransferable easements. *See Reise v. Enos*, 76 Wis. 634, 45 N.W. 414 (1890); *Spensley v. Valentine*, 34 Wis. 154 (1874). However, we observed recently in *Gojmerac* that an easement in gross may be *either* transferable *or* personal. *See Gojmerac*, 250 Wis. 2d 1, ¶ 18 n.5 (citing RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 1.5). We therefore conclude that the classification of the sand removal right as appurtenant or in gross is not dispositive of whether the right is transferable or personal. Rather, what matters is whether the language of the deed creates a transferable or personal right. Therefore, we focus our analysis on

---

[2] The deed at issue is entitled "EASEMENT FOR FLOWAGE RIGHTS." It conveys a water flowage easement, which also contains a sand removal right provision. *See infra*, ¶ 9. Because the sand removal right is "an interest in land possessed by another" it is itself an easement. To distinguish the sand removal provision from the flowage rights easement, of which the sand removal provision is a part, we refer to the property interest at issue as a "sand removal right" and not as an "easement."

whether the deed evinces an intent to establish a right that is transferable or one that is personal to Nemitz.

¶ 8. To determine whether the sand removal right is either transferable or personal, we first look to the language of the deed itself. *See Hunter v. McDonald*, 78 Wis. 2d 338, 342–43, 254 N.W.2d 282 (1977). We construe the deed as a whole to effectuate the intent of the parties. *Joseph Mann Library Ass'n v. City of Two Rivers*, 272 Wis. 441, 76 N.W.2d 388 (1956). When construing a deed, we presume that all conveyances are transferable. WIS. STAT. § 706.10(3).[3] A conveyance is transferable "unless a different intent shall appear expressly or by necessary implication in the terms of such conveyance." *Id.*

¶ 9. The deed in this case, titled "EASEMENT FOR FLOWAGE RIGHTS," conveys

> to CARL NEMITZ, his heirs, and assigns, an easement for flowage with full right and privilege to flow with water the following described lands situated in the Town of Knapp, Jackson County, Wisconsin, to-wit: [legal description of property omitted].
>
> THAT THIS EASEMENT, shall be perpetual providing that the flowage rights hereby granted are being used for the purpose of cranberry culture.
>
> AND, the Grantor does hereby grant and convey to the Grantee the further right and privilege to remove

---

[3] WISCONSIN STAT. § 706.10(3) provides as follows: "In conveyances of lands words of inheritance shall not be necessary to create or convey a fee, and every conveyance shall pass all the estate or interest of the grantor unless a different intent shall appear expressly or by necessary implication in the terms of such conveyance."

sand from the above described lands to be used for the purpose of cranberry culture upon the Grantee's adjacent lands.

¶ 10. The County reads the above language as establishing two distinct sets of rights: (1) a flowage easement conveyed in the first paragraph "to Carl Nemitz, his heirs, and assigns"; and (2) a "further right" to remove sand from the property conveyed in the third paragraph "to the Grantee," Nemitz. The County contends that the presence of the "heirs and assigns" language in the flowage easement paragraph and its absence in the sand removal right paragraph plainly indicates that the former was transferable while the latter was personal to Nemitz. The County further argues that the absence of the phrase "heirs and assigns" in the third paragraph means, as a matter of law, that the sand removal right is personal to Nemitz. Finally, the County argues that, to the extent that the interpretation of the deed presents a close case, we must construe the deed in its favor under the principle that deeds are to be construed in favor of a public body and against the grantee, citing *Brody v. Long*, 13 Wis. 2d 288, 297, 108 N.W.2d 662 (1961).

¶ 11. For its part, Borek notes that the sand removal right is a part of an instrument titled "EASEMENT FOR FLOWAGE RIGHTS" which creates a flowage rights easement that is plainly transferable. Borek contends that the sand removal right should not be read to create a right that is different in character from the flowage right. Borek observes that the phrase "heirs and assigns" is no longer necessary to create a transferable property interest, citing WIS. STAT. § 706.10(3). Borek further notes that all property easements are presumed transferable, and argues that the

444

presence of "heirs and assigns" language in one part of the deed but not another is insufficient to overcome this presumption. We agree with Borek.

¶ 12. As noted, all conveyances are transferrable unless the deed, whether expressly or by necessary implication, provides otherwise. WIS. STAT. § 706.10(3). The present deed lacks an express declaration that the sand removal right is personal to Nemitz. Thus, for the sand removal right to be personal to Nemitz, an intent to create a personal right must arise by necessary implication from the words of the deed. We conclude that the deed does not give rise to such a necessary implication.

¶ 13. We acknowledge that the deed might be read as indicating that the water flowage rights are transferable while the sand removal right is not by the inclusion of "heirs and assigns" language in the water flowage rights paragraph and the omission of parallel language in the sand removal right paragraph. However, this implication is not a *necessary* one. It would also be reasonable to construe the deed in a manner that does not assign such significance to the drafter's choice not to include the phrase "heirs and assigns" in the sand removal paragraph. The phrase "heirs and assigns" is no longer necessary to convey a property interest that is transferable to one's heirs. *See* WIS. STAT. § 706.10(3). The drafter may have included the "heirs and assigns" language in the first paragraph merely out of habit or tradition. Regardless, it is reasonable to interpret the deed in a way that does not attach great significance to the selective use of an archaic phrase that itself no longer carries meaning in the law.

445

¶ 14. Having concluded that the deed does not give rise to a necessary implication that the sand removal right is personal to Nemitz, we must conclude under WIS. STAT. § 706.10(3) that the deed created a sand removal right that is transferable.

¶ 15. The County cites modern cases from other jurisdictions that ascribe significance to the use of the phrase "heirs and assigns" in support of its secondary argument that the omission of the words "heirs and assigns" in the sand removal right paragraph means, as a matter of law, that this right is personal to Nemitz. *See, e.g. Gardner v. Jeffreys*, 878 A.2d 259, 264 (Vt. 2005) (use of the phrase "heirs and assigns" gives rise to a presumption that a property right that runs with the land has been created); *Winningham v. Harris*, 981 S.W.2d 540, 543 (Ark. App. 1998) (use of the words "heirs and assigns" conveyed a transferable right; absence of these words in another part of the deed indicated an intent to convey a personal right). However, the County ignores the fact that Wisconsin no longer requires words of inheritance such as "heirs and assigns" to create a transferable property interest. *See* WIS. STAT. § 706.10(3).

¶ 16. Likewise, the County's argument that we should construe the deed in its favor pursuant to *Brody* also fails. The *Brody* court, citing 6 THOMPSON ON REAL PROPERTY (perm. ed.) p. 571, sec. 3365, briefly stated the principle that deeds are to be construed in favor of a public body and against the grantee and used this statement as additional justification for its ruling against the grantee in that case. *Brody*, 13 Wis. 2d at 297. However, the *Brody* court did not explain when or how this rule is to be applied, and no published case has applied the rule since. The County asserts that the rule that deeds are to be construed in favor of a public body

applies only in very close cases; in its words, *Brody* "provides that the tie goes to the [public body]." Accepting this formulation for our purposes, we decline to apply the *Brody* rule here. Application of the facts to the legal standard provided in WIS. STAT. § 706.10(3) shows that this case is not a close one. As explained, this deed does not expressly provide that the sand removal right is personal to Nemitz. Nor does it support a necessary implication that the drafter intended to create a right that was personal. Thus, the sand removal right is transferable under § 706.10(3).

¶ 17. The County makes two additional arguments. First, it contends that the payment of only $500 for the sand removal and water flowage rights granted by the deed indicates that the sand removal right was not intended to be transferable. It argues that a perpetual right would allow for the removal of a vast amount of sand, worth much more than $500. However, the County fails to point to evidence in the record that this figure was inadequate consideration at the time of the transaction. Moreover, even if the sand removal right was not transferable, there would still be no implied limit on the amount of sand removal allowed. If Nemitz had retained the property, it is undisputed that he would have had the right to remove as much sand as he desired, subject only to the limitation that it be "for the purpose of cranberry culture upon [his] adjacent lands."

¶ 18. Second, the County asserts that it could not have intended for the sand removal right to be perpetual because the sand is on land enrolled in the county forest program, and a perpetual easement permitting sand removal would be contrary to the land preservation goals of this program. *See* WIS. STAT. § 28.11(1) (purposes of the county forest program).

447

However, this argument is unpersuasive because, under the County's reasoning, the conveyance of the sand removal right to Nemitz, whether transferable or personal, was itself contrary to the forest program's stated purposes. The conveyance evinced no regard for the objectives of the forest program because it did not limit the amount of sand Nemitz could remove nor the duration of the right as to Nemitz.

## CONCLUSION

¶ 19. We conclude that the sand removal right contained in the deed in question was transferrable because the deed by its terms does not evince an intent, expressly or by necessary implication, to limit the right's transferability pursuant to WIS. STAT. § 706.10(3). Accordingly, we reverse and remand for the circuit court to enter an order granting Borek's motion for summary judgment.

*By the Court.*—Order reversed and cause remanded with directions.