COURT OF APPEALS
DECISION
DATED AND FILED

June 23, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP1030**

Cir. Ct. No. 2020CV70

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

JEFF VEACH AND RAMONA VEACH,

PLAINTIFFS-APPELLANTS,

V.

CHARLES BARBER, MARGO BARBER, CLINT ZIEGLER,
JILL ZIEGLER, COREY J. ROUDEBUSH, MARTHA J. ROUDEBUSH,
NOEL MATTEI AND LAURA MATTEI,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Columbia County: TROY D. CROSS, Judge. *Affirmed*.

Before Fitzpatrick, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Charles and Margo Barber own a parcel of land (the "Barber parcel"), and the deed for that parcel conveys an easement for ingress and egress ("the easement") that passes across other parcels.  One of the parcels across which the easement passes is owned by Jeff and Ramona Veach (the "Veach parcel").  The deed for the Veach parcel references a certified survey map that depicts the portion of the easement that passes across the Veach parcel, but that deed does not state that the Veaches have been granted an easement.

¶2    The Veaches filed a complaint in the Columbia County Circuit Court against the Barbers and the owners of the other parcels across which the easement passes.  The Veaches requested that the court enter a declaratory judgment stating that the language of the easement benefits all of the parcels across which it passes, including the Veach parcel.  The Veaches also requested that the court enter an order correcting their deed pursuant to WIS. STAT. § 847.07 (2019-20)[1] and reforming the deed pursuant to the court's equitable authority so as to grant an easement to the Veaches.  Finally, the Veaches asked for an order granting an easement to their property through the doctrines of implication, necessity, estoppel, and prescription.  The Barbers and the Veaches both moved for summary judgment.  The court granted the Barbers' motion and denied the Veaches' motion.

¶3    On appeal, the Veaches argue that the circuit court erroneously granted summary judgment for the Barbers because the deed for the Veach parcel, the certified survey map referenced in the Veaches' deed, and the language of the

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

easement establish that the Veaches were conveyed an easement for access to their property.[2] In the alternative, the Veaches argue that the circuit court erred in failing to reform the deed for the Veach parcel based on mutual mistake. For the reasons that follow, we affirm the court's order granting summary judgment for the Barbers and denying the Veaches' summary judgment motion.

¶4 The Barbers request an award of costs and attorney fees incurred in this appeal because, in their view, the Veaches' entire appeal is frivolous. We deny the Barbers' motion.

## BACKGROUND

¶5 There is no dispute as to the following material facts.

¶6 In 1993, Earl Hillestad executed a warranty deed conveying to the Barbers a parcel of land—*i.e.*, the Barber parcel—in the Town of Lodi, Wisconsin. This parcel is landlocked and does not border a public road. The deed for the Barber parcel included an easement for access to the Barber parcel from Cactus Acres Road across five parcels that were owned by Hillestad at that time, including what is now the Veach parcel. For convenience, we refer to those other

---

[2] The Veaches' briefing in this court repeatedly uses the phrase "use the easement" to describe the Veaches' alleged entitlement to an easement. The Veaches' operative complaint filed in the circuit court often uses a form of the term "grant" in referring to their requests for relief. We do not interpret the Veaches' use of different phrasing of their requested relief as a change in their position on appeal. This opinion generally uses forms of the words "grant" or "convey" to be consistent with the Veaches' operative complaint and WIS. STAT. ch. 706. *See, e.g.*, WIS. STAT. § 706.02(1)(c).

four parcels as the "Roudebush parcel," the "Ziegler parcel," the "Mattei parcel," and the "Right-of-Way parcel."[3]

¶7    The Barber, Veach, Roudebush, Ziegler, Mattei, and Right-of-Way parcels are depicted on the following map[4]:

---

[3] These four parcels are currently owned by the following persons:  the Roudebush parcel is owned by Corey J. Roudebush and Martha J. Roudebush; the Ziegler parcel is owned by Clint Ziegler and Jill Ziegler; and the Mattei parcel and Right-of-Way parcel are owned Noel Mattei and Laura Mattei.  We refer to the Right-of-Way parcel in that manner to distinguish it from the Mattei parcel and because the easement describes that land as a "right-of-way for pedestrian and vehicular travel."

The Roudebushes and Zieglers filed statements with this court that their interests are "adequately represented" by the Barbers' response brief.  *See* WIS. STAT. § 809.19(3)(a)3.  The Matteis did not file a brief in this appeal or any statement in support of the briefing of any party.

[4]  Regarding the map, we note the following.

The Matteis also own an adjacent parcel north of what is designated on the map as the Mattei parcel.  A map in the record depicts the Mattei property as one continuous parcel.  However, the parties do not dispute that the land owned by the Matteis existed as separate parcels before purchase by the Matteis.  Accordingly, we have added the dashed lines at the upper right side of the map to denote the boundaries of the Mattei parcel, the Right-of-Way parcel, and the separate parcel that is owned by the Matteis.  In the remainder of this opinion, we use the term "Mattei parcel" to refer to the parcel labeled "Mattei" on the map and the term "Right-of-Way parcel" to refer to the narrow parcel on the right edge of the map labeled "Right-of-Way."  Some information on a version of this map in the record is not pertinent to this appeal and has been removed from the map for ease of use.

In addition, as depicted on the map, the Barbers also own two other parcels to the south and east of what is designated on the map as the "Barber" parcel with an asterisk.  Those parcels are separate from the "Barber parcel" and are not pertinent to the issues presented to this court on appeal.  Further, the parcels labelled as "Gilles" and "Leu" on the map are not relevant to this appeal.

4



¶8    The easement approximately follows the dotted line from the bottom left of the Barber parcel, along the top of the map, and down the right side of the map.  The easement is located on a 66-foot strip of land that:  begins at the southern border of the Barber parcel; passes along the southern edge of the Barber parcel; passes along the northern edge of the Veach, Roudebush, Ziegler, and Mattei parcels; passes along the length of the Right-of-Way parcel; and ends at the point at which the Right-of-Way parcel borders Cactus Acres Road.  The full text of the instrument that conveyed the easement is reproduced later in this opinion.

¶9    After purchasing the Barber parcel, the Barbers built a driveway ("the driveway") to Cactus Acres Road along the length of the easement. Following the sale of the Barber parcel, Hillestad sold the Veach, Roudebush, Ziegler, Mattei, and Right-of-Way parcels.  The deeds for the Veach, Roudebush,

and Ziegler parcels do not include the description of the easement that appears in the deed for the Barber parcel.[5]

¶10    The Barbers and the Matteis both use the portion of the driveway that passes across the Right-of-Way parcel.  Additionally, consistent with the conveyance of the easement, the Barbers use the portion of the driveway that passes across the northern edge of the Mattei, Veach, Roudebush, and Ziegler parcels.  The Veaches, Roudebushes, and Zieglers do not utilize any portion of the driveway and have not contributed to the cost of building, maintaining, or plowing the driveway.

¶11    The Veaches filed a complaint against the Barbers, the Roudebushes, the Zieglers, and the Matteis.[6]  The complaint sought relief that can be summarized as follows:  (1) an order declaring that the easement is a non-exclusive easement that entitles the Veaches to an easement for ingress and egress; (2) an order pursuant to WIS. STAT. § 847.07(1)(a)[7] correcting the legal description

---

[5] The deeds for the Mattei parcel and the Right-of-Way parcel are not in the record on appeal.

[6] The operative complaint is the Veaches' second amended complaint, and we refer to that pleading as "the complaint."

[7] WISCONSIN STAT. § 847.07(1)(a) states:

>    (1) The circuit court of any county in which a conveyance of real estate has been recorded may make an order correcting the description in the conveyance on proof being made to the satisfaction of the court that any of the following applies:

>    (a) The conveyance contains an erroneous description, not intended by the parties to the conveyance.

Sec. 847.07(1)(a).

of the deed for the Veach parcel to include a grant of an easement; (3) an order pursuant to the court's equitable powers under WIS. STAT. § 706.04(1)[8] to correct the "mutual mistake" of Hillestad and the Veaches in not including a grant of an easement in the Veaches' deed; and (4) an order granting an easement to the Veaches through the doctrines of implication, necessity, estoppel, and prescription.

¶12 The Barbers moved for summary judgment on each claim in the Veaches' complaint.[9] The Veaches responded by filing both their own motion for summary judgment and a response opposing summary judgment for the Barbers. In these pleadings the Veaches argued that they are entitled to summary judgment because the easement is "non-exclusive" and because the language of the easement demonstrates the intent to provide a right of access to the Veach, Roudebush, Ziegler, and Mattei parcels for the owners of those parcels. The

---

[8] WISCONSIN STAT. § 706.04 states, in relevant part:

> A transaction which does not satisfy one or more of the requirements of [WIS. STAT. §] 706.02 may be enforceable in whole or in part under doctrines of equity, provided all of the elements of the transaction are clearly and satisfactorily proved and, in addition:

> (1) The deficiency of the conveyance may be supplied by reformation in equity.

Sec. 706.04(1).

[9] The Roudebushes and Zieglers each filed separate answers to the complaint, but did not file responses to the Veaches' summary judgment motion. Rather, the Roudebushes and Zieglers submitted letters in support of the Barbers' motion for summary judgment. The Matteis did not appear in the circuit court and submitted letters to the circuit court stating that they did not want to "be involved" with this lawsuit.

Veaches' motions also requested that the court correct the deed for the Veach parcel based on "mutual mistake."[10]

¶13 The circuit court granted the Barbers' motion for summary judgment and denied the Veaches' motion for summary judgment. The court determined that neither the deed for the Veach parcel nor the deed for the Barber parcel entitled the Veaches to an easement for access to the Veach parcel. The court also dismissed all claims against the Zieglers, Roudebushes, and Matteis as moot. The Veaches filed a motion for reconsideration, and the court denied that motion. The Veaches appeal the court's order granting summary judgment for the Barbers and denying the Veach summary judgment motion.[11]

---

[10] During the summary judgment proceedings in the circuit court, the Veaches did not pursue the assertions in their complaint regarding the claim for an easement by implication, necessity, estoppel, and prescription. The Veaches do not raise any arguments on those issues on appeal, and we therefore do not address those claims.

[11] At various times in the circuit court proceedings and on appeal, the Veaches assert that the Veach parcel is "landlocked" because a Town of Lodi ordinance purportedly prohibits the construction of a driveway from Cactus Acres Road to the Veach parcel. However, the Veaches make clear in briefing in this court that the issue of whether the Veach parcel is landlocked is not germane to their appeal. The Veaches filed a motion to amend the complaint a third time, and the circuit court denied that motion. The Veaches appealed the circuit court's order denying this motion, but the Veaches do not raise any arguments regarding that issue in their briefing in this court. Thus, we do not address either the purportedly landlocked status of the Veach parcel or the motion to amend the complaint again.

As noted, the Veaches filed a motion for reconsideration of the circuit court's summary judgment order, and the court denied that motion. On appeal, the Veaches' briefs provide this court with record cites to materials that are in their motion for reconsideration. The Veaches also refer this court to portions of their motion for reconsideration to "further explain" their arguments on appeal. Because the Veaches appeal only the order granting summary judgment for the Barbers, we do not consider the materials and explanations from the Veaches' subsequent motion for reconsideration that were not before the circuit court on summary judgment. *See* WIS. STAT. RULE 809.10(4) ("An appeal from a final judgment or final order brings before the court all *prior* nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon." (emphasis added)). Regardless, even if we were to consider those additional materials and explanations, we conclude that those would not affect our decisions in this case.

¶14     Additional facts are discussed later in this opinion.

## DISCUSSION

¶15     The Veaches argue that the circuit court erred in granting summary judgment to the Barbers, and denying their summary judgment motion, because the pertinent instruments and extrinsic evidence establish that the Veaches were granted an easement to access their property. The Barbers respond that the court properly granted summary judgment in their favor because the Veaches fail to establish that there was an intent to convey an easement to the Veaches. We begin by setting forth our standard of review and governing principles regarding summary judgment and deed interpretation.

### I.  Standard of Review and Governing Principles Regarding Summary Judgment and Deed Interpretation.

¶16     We review a circuit court's decision to grant or deny summary judgment de novo, applying the same methodology as the circuit court. *Konneker v. Romano*, 2010 WI 65, ¶22, 326 Wis. 2d 268, 785 N.W.2d 432. On summary judgment, the moving party is entitled to judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2); *see Bank of N.Y. Mellon v. Klomsten*, 2018 WI App 25, ¶31, 381 Wis. 2d 218, 911 N.W.2d 364. "An issue of fact is genuine if a reasonable jury could find for the nonmoving party." *Central Corp. v. Research Prods. Corp.*, 2004 WI 76, ¶19, 272 Wis. 2d 561, 681 N.W.2d 178. "A material fact is such fact that would influence the outcome of the controversy." *Id.*

¶17    This appeal requires that we interpret the language of the deeds for the Barber and the Veach parcels as well as the certified survey map referenced in the Veaches' deed. A "certified survey map" is a map or plan of record of a land division that complies with the requirements of WIS. STAT. § 236.34. A map that is referenced in a deed is considered to be one of the terms of the deed. *See Pavela v. Fliesz*, 26 Wis. 2d 710, 715, 133 N.W.2d 244 (1965); *Slauson v. Goodrich Transp. Co.*, 99 Wis. 20, 25, 74 N.W. 574 (1898) ("A deed containing a description, and referring to a map having lines drawn upon it, and marking natural boundaries and the natural objects delineated on its surface, should be considered as giving the true description of the land, as much as if the map were marked down on the deed.").

¶18    When interpreting deeds, our goal is to determine the parties' intent. *Gilbert v. Geiger*, 2008 WI App 29, ¶10, 307 Wis. 2d 463, 747 N.W.2d 188 (citing *Rikkers v. Ryan*, 76 Wis. 2d 185, 188, 251 N.W.2d 25 (1977)). "The primary source for determining intent is what is written within the four corners of the deed," including any map that is referenced in the legal description in the deed. *Id.*; *Pavela*, 26 Wis. 2d at 715. If the language of the deed is unambiguous, then we do not consider extrinsic evidence. *Grygiel v. Monches Fish & Game Club, Inc.*, 2010 WI 93, ¶20, 328 Wis. 2d 436, 787 N.W.2d 6. The construction of an unambiguous deed is a question of law. *Gilbert*, 307 Wis. 2d 463, ¶10.

¶19    If the language of the deed is ambiguous, we may "resort to extrinsic evidence in an effort to determine the intent of the parties." *Grygiel*, 328 Wis. 2d 436, ¶20. The language of a deed is ambiguous if it is "susceptible to more than one reasonable interpretation." *Id.* Whether a deed is ambiguous is a question of law that we review independently. *Konneker*, 326 Wis. 2d 268, ¶23. "[I]f the

10

language of the deed is ambiguous, then the intent behind the language presents a question of fact." *Id.*

## II. The Circuit Court Properly Granted Summary Judgment to the Barbers.

¶20 The Veaches argue that the circuit court erred in granting summary judgment to the Barbers because the language of the deeds for the Veach and Barber parcels establishes that the Veaches have been granted an easement. The Veaches also argue that extrinsic evidence demonstrates the parties' intent to grant the Veaches an easement. In the alternative, the Veaches argue that the court should have corrected their deed based on the parties' "mutual mistake." We address each argument in turn.

### A. Neither the Deed for the Veach Parcel nor the Deed for the Barber Parcel Establishes That the Veaches Were Granted an Easement.

¶21 The Veaches argue that the deeds for the Veach and Barber parcels establish that the Veaches were conveyed an easement for the following reasons: (1) the easement is "non-exclusive"; (2) the language regarding the easement in the deed for the Barber parcel provides the legal description of the portion of each parcel through which the easement passes; (3) the deed for the Veach parcel references a certified survey map which in turn depicts the portion of the easement that runs through the Veach parcel; and (4) extrinsic evidence indicates that the parties to the deed for the Veach parcel intended to grant the Veaches an easement.

#### 1. Non-Exclusive Easement.

¶22 The Veaches contend that they are entitled to an easement to access their property because the easement is non-exclusive. The Veaches suggest that

11

the non-exclusive nature of the easement prohibits the Barbers from excluding the Veaches from the entire easement. The Barbers agree that the easement is non-exclusive but contend that this fact means that the Veaches are entitled to use the portion of the easement that passes through the Veach parcel. For the following reasons, we agree with the Barbers.

¶23 An easement is "an interest in land which is in the possession of another." *Garrett v. O'Dowd*, 2009 WI App 146, ¶7, 321 Wis. 2d 535, 775 N.W.2d 549. An appurtenant easement[12] like the one in this case creates two distinct property interests: the dominant estate and the servient estate. *Gojmerac v. Mahn*, 2002 WI App 22, ¶19, 250 Wis. 2d 1, 640 N.W.2d 178. The dominant estate "enjoys the privileges granted by an easement," and the servient estate "permits the exercise of those privileges." *Id.* "The dominant owner does not obtain an estate in the servient property, but only a right to use the land consistent with the general property rights of the servient owner." *Id.* Accordingly, "the owner of the servient estate may make 'all proper use of his land including the right to make changes in or upon it,' as long as he or she does not unreasonably interfere with the easement holder's use of the land." *Garrett*, 321 Wis. 2d 535, ¶7 (quoting *Wisconsin Tel. Co. v. Reynolds*, 2 Wis. 2d 649, 652, 87 N.W.2d 285 (1958)). In the present case, the dominant estate is the Barber parcel and the servient estates are the Veach, Roudebush, Ziegler, and Mattei parcels, as well as the Right-of-Way parcel.

---

[12] Easements come in two classes, "appurtenant" and "in gross." *Borek Cranberry Marsh, Inc. v. Jackson Cnty.*, 2009 WI App 129, ¶6, 321 Wis. 2d 437, 773 N.W.2d 522, *aff'd*, 2010 WI 95, 328 Wis. 2d 613, 785 N.W.2d 615. "An appurtenant easement is one which is 'tied to ownership or occupancy of a particular unit or parcel of land,' while an easement in gross is not tied to ownership or occupancy of a unit or parcel." *Id.* (quoting *Gojmerac v. Mahn*, 2002 WI App 22, ¶18, 250 Wis. 2d 1, 640 N.W.2d 178).

¶24 An exclusive easement "modifies the ordinary relationship between the dominant estate and the servient estate" by granting "unfettered rights to the owner of the easement to use the easement for purposes specified in the grant 'to the exclusion of all others.'" *Id.*, ¶8 (quoted source omitted). An "exclusive easement, in effect, strips the servient owner of the right to use the land for certain purposes, thus limiting the fee, and itself has been called almost a conveyance of the fee." *Id.* This court has recognized that an easement "must contain an affirmative statement of exclusivity in order to convey the right to exclude the fee owner." *Id.*, ¶6. As noted, the parties agree that the easement is non-exclusive.

¶25 The Veaches misstate the meaning of the term "non-exclusive" in this context. Contrary to the Veaches' argument, the fact that the easement is non-exclusive means that the Veaches—as owners of the servient estate—may use the portion of their property encumbered by that easement, so long as they do not "unreasonably interfere" with the Barbers' use of that easement. *See id.*, ¶7. In other words, the term non-exclusive means that the Veaches are not excluded from using the portion of their property through which the easement passes. The phrase does not mean that the Veaches have been conveyed an easement.

### 2. Legal Description of the Easement.

¶26 Next, the Veaches argue that the legal description of the easement in the deed for the Barber parcel indicates that the Veaches have a right to use the entire easement. The deed for the Barber parcel contains the following pertinent description of the property conveyed from Hillestad to the Barbers: "Being a parcel of land [legal description of Barber parcel], along with an easement described in the attached." The attachment to the Barber deed provides the following legal description of the property encumbered by the easement:

> Along with an easement described as follows: A right-of-way for pedestrian and vehicular travel [legal description of Right-of-Way parcel] commencing at the centerline of Cactus Acres Township Road and proceeding North for 624.96 feet.
>
> To a strip of land 66 feet wide and 679 feet long along the Northern edge of the following described parcels;
>
> [Legal descriptions of the Mattei, Ziegler, Roudebush, and Veach parcels]
>
> To a strip of land along the Southern 66 feet of the following described parcel: [Legal description of the Barber parcel] up to and including the boundary of [the parcel directly south of the Barber parcel].

¶27    The Veaches argue that the inclusion of the legal descriptions of the Veach, Roudebush, Ziegler, Mattei, and Right-of-Way parcels in the easement granted by Hillestad to the Barbers unambiguously establishes the intent of Hillestad to grant a separate easement to each of those parcels. The Veaches contend that any other reading of the easement would render meaningless the language that includes those legal descriptions. We disagree. The language of the Barber deed and its attachment makes manifest that the legal descriptions of those parcels were included to identify the precise land through which the easement passes. Indeed, the easement would not be valid without such a description. *See* WIS. STAT. § 706.02(1)(b) ("Transactions under [WIS. STAT. §] 706.001(1) shall not be valid unless evidenced by a conveyance that satisfies all of the following: … Identifies the land.").[13] Nothing in the language of the deed for the Barber parcel can be reasonably read to establish that those legal descriptions were

---

[13]    According to WIS. STAT. § 706.001(1), "this chapter shall govern every transaction by which any interest in land is created, aliened, mortgaged, assigned or may be otherwise affected in law or in equity." Sec. 706.001(1). Thus, the easement is a transaction under § 706.001(1). *Prezioso v. Aerts*, 2014 WI App 126, ¶21, 358 Wis. 2d 714, 858 N.W.2d 386 ("An easement is an interest in land and therefore governed by WIS. STAT. ch. 706.").

14

included to provide the Veach, Roudebush, Ziegler, Mattei, and Right-of-Way parcels with an easement in favor of those parcels.

¶28    The Veaches make a related argument, the parameters and basis of which are difficult to discern. The Veaches appear to argue that the particular language of the legal descriptions of the Veach, Roudebush, Ziegler, and Mattei parcels in the description of the easement in the Barber deed creates separate easements for each of those parcels. Each of those legal descriptions is written in the following format, with specific measurements unique to each parcel:

> Commencing at the Iron Pin located at the Northeast corner of Section 8; thence [measurements] to an Iron Pin and being the Point of Beginning of this boundary description; thence [measurements of the parcel's boundaries] to the Point of Beginning.

Contrary to the Veaches' contention, this language does not create a separate easement for each parcel. Rather, these legal descriptions only state that: (1) the "Point of Beginning" for the description of each parcel is an iron pin whose precise location is determined relative to the location of a separate iron pin at the northeast corner of Section 8; and (2) the measurements of each parcel's boundaries are determined relative to that "Point of Beginning." These legal descriptions identify the metes and bounds descriptions of the parcels through which the easement passes. Those descriptions, reasonably interpreted, do not create a separate easement benefitting each of those parcels.

¶29    Accordingly, we conclude that the language of the deed for the Barber parcel does not grant to the Veaches an easement.[14]

---

[14] The Veaches also provide the following reason why the Barbers' interpretation of the easement is incorrect:

(continued)

### 3. The Deed for the Veach Parcel.

¶30    The Veaches argue that the language of their deed establishes that they were conveyed an easement.  The legal description of the Veach parcel in the deed for that parcel provides, in full:  "Lot 1, Certified Survey Map No. 3093, recorded in Vol. 20 of Certified Surveys, page 90 as #590983, in the Town of Lodi, Columbia County, Wisconsin."  The certified survey map (CSM) referenced in the deed for the Veach parcel depicts the Veach parcel and labels a section along the northern boundary of that parcel as a "[66-foot-wide] easement for ingress & egress."[15]  The Veaches argue that such language in their deed and the CSM is unambiguous and shows that they were conveyed an easement.

¶31    As noted earlier, the construction of an unambiguous deed—including the interpretation of a map referenced by the deed—is a question of law. ***Gilbert***, 307 Wis. 2d 463, ¶10; ***Pavela***, 26 Wis. 2d at 715.

---

The Barbers argue that they are the only lot owners that have access to the easement.  If Barbers' interpretation of the easement document is accepted, the interpretation would have made the lot owned by the Manchesters[] landlocked.  Mr. Hillestad would not have intended on land-locking the Manchesters.

(record citations omitted).  The Veaches do not explain who the "Manchesters" are or how the Barbers' interpretation of the easement would "landlock[]" the Manchesters, and we cannot discern that information from the record.  We decline to address this undeveloped argument. ***See State v. Pettit***, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (holding that this court may decline to address undeveloped arguments because we "cannot serve as both advocate and judge").

[15] The copy of the CSM in the record is so grainy that it is difficult, if not impossible, to read some of the text.  Nonetheless, the Veaches provide the pertinent language from that map in their brief-in-chief to this court, and the Barbers do not dispute the accuracy of that language.  We remind counsel to provide the most legible copies of exhibits for the record and, when appropriate, also provide explanations and clarifications as to any portions that may be illegible.

16

¶32    The deed and CSM for the Veach parcel contain no language expressly stating that the grantors conveyed any interest in an easement to the Veaches. The only mention of an easement is the CSM's reference to the "[66-foot-wide] easement for ingress & egress." We agree with the Barbers that this reference cannot reasonably be interpreted as conveying to the Veaches an interest in the easement. Neither the deed for the Veach parcel nor the CSM states that the Veach parcel benefits from such an easement, and neither document describes the full contours or boundaries of any such easement. Rather, as the Barbers correctly observe, the "[66-foot-wide] easement" is merely an indication that the Veach parcel is encumbered by the easement. Indeed, in order to be a valid conveyance, the deed for the Veach parcel must identify any portion of the Veach parcel that is encumbered by an easement. *See* WIS. STAT. § 706.02(1)(c) ("Transactions under [WIS. STAT. §] 706.001(1) shall not be valid unless evidenced by a conveyance that satisfies all of the following: … Identifies the interest conveyed, and any material term, condition, reservation, exception or contingency upon which the interest is to arise, continue or be extinguished, limited or encumbered."). Therefore, we conclude that there is no reasonable reading of the deed for the Veach parcel that establishes that the Veaches were conveyed an easement.[16]

---

[16] The Veaches also argue that, "[a]t the very least, [the CSM] creates a fact issue regarding the easement being included in the legal description of Veaches' lot and the Veaches' right to use the easement." As noted earlier, whether a deed is ambiguous is a question of law. *Konneker v. Romano*, 2010 WI 65, ¶23, 326 Wis. 2d 268, 785 N.W.2d 432. If a deed is not ambiguous, then our interpretation of that deed is also a question of law. *Gilbert v. Geiger*, 2008 WI App 29, ¶10, 307 Wis. 2d 463, 747 N.W.2d 188. Because the Veaches agree that the deed for the Veach parcel is not ambiguous, we conclude that the language within the four corners of that deed—including the CSM—does not entitle the Veaches to use the easement. Further, as already discussed in the main text, the CSM does not create an issue of fact as to the intent of the parties to that deed.

### 4. Extrinsic Evidence.

¶33　The Veaches argue that, if the deeds for the Barber parcel and the Veach parcel are ambiguous, then extrinsic evidence establishes Hillestad's intent to convey to the Veach, Roudebush, Ziegler, and Mattei parcels a right to use the easement. Hillestad died in 2004, so the Veaches provide an affidavit of Robert Daehling, Hillestad's real estate broker. This affidavit states that, at the time of the sale of the Veach parcel to the Veaches, "there was absolutely no question that the Veaches had access to their lot over the easement for ingress and egress" and that "[e]veryone involved understood the easement to be a non-exclusive easement available for use by the lot owners." The Veaches also point to the minutes of a Town of Lodi Board meeting which state that Margo Barber acknowledged that the driveway constructed by the Barbers was a "shared drive."

¶34　As mentioned earlier in this opinion, "[t]he primary source for determining intent is what is written within the four corners of the deed." *Gilbert*, 307 Wis. 2d 463, ¶10. If the language of the deed is unambiguous, then we will not look at extrinsic evidence. *Grygiel*, 328 Wis. 2d 436, ¶20; *Konneker*, 326 Wis. 2d 268, ¶26 ("If the language is unambiguous, it would be improper to resort to extrinsic evidence to ascertain the parties' intent."). Whether a deed is ambiguous is a question of law that we review independently. *Konneker*, 326 Wis. 2d 268, ¶23.

¶35　The Veaches acknowledge that a court may not look to extrinsic evidence unless a deed is ambiguous, but they do not identify any language in their deed or the deed for the Barber parcel that could be ambiguous. In other words, the Veaches do not develop an argument that any language in those instruments is susceptible of "more than one reasonable interpretation." *See*

18

*Grygiel*, 328 Wis. 2d 436, ¶20. As explained above, we have concluded that the Veaches' interpretation of the language in those instruments is not reasonable and that there is only one reasonable interpretation of that language. *See supra*, ¶¶27, 32. Therefore, we have no basis to consult extrinsic evidence of the parties' intent.[17]

## B. The Veaches Are Not Entitled to a Corrected Deed Based on Mutual Mistake.

¶36 In the alternative to their other arguments, the Veaches contend that the lack of language in their deed regarding their alleged right to use the easement is the result of "mutual mistake" that can be corrected by a court. "Wisconsin law is plain that once a deed or similar instrument has been properly executed and recorded, a court may not alter the document—aside from fraud or mistake—when a party later expresses a different intent than what was memorialized." *Wynhoff*

---

[17] The Veaches also argue that the "submission of Mr. Daehling's affidavit alone created an issue of fact preventing the granting of summary judgment to the Barbers." As noted earlier, however, "[t]he primary source for determining intent is what is written within the four corners of the deed." *Gilbert*, 307 Wis. 2d 463, ¶10. If the deed is unambiguous, then our interpretation of that deed is a question of law. *Konneker*, 326 Wis. 2d 268, ¶23. Accordingly, we need not address whether Daehling's affidavit creates an issue of fact as to the intent of the parties to the deed for the Veach parcel because we conclude as a matter of law that the deed does not entitle the Veaches to use the easement.

The Veaches also observe that Daehling's affidavit refers to an instrument entitled "Grant of Easement." This instrument is separate from the easement included in the deed for the Barber parcel and was executed by Hillestad in 2000 after he had sold the Barber, Veach, Roudebush, and Ziegler parcels, but before he had sold the Mattei and Right-of-Way parcels. In this instrument, Hillestad granted an easement to the Barber, Veach, Roudebush, and Ziegler parcels (among others) for ingress, egress, and utility purposes. This easement is located on the Mattei and Right-of-Way parcels in approximately the same location as the earlier easement at issue in this case. Daehling's affidavit states that this "Grant of Easement" reflects Hillestad's intent that the earlier easement would benefit each of the parcels across which it passes. For the reasons previously explained in the main text, we need not consider the substance of Daehling's affidavit, including the import of the "Grant of Easement."

*v. Vogt*, 2000 WI App 57, ¶21, 233 Wis. 2d 673, 608 N.W.2d 400. The party who seeks reformation based on mutual mistake "must offer clear and convincing proof that both parties intended to make a different instrument and had agreed on facts that were different than those set forth on the instrument." *Chandelle Enters., LLC v. XLNT Dairy Farm, Inc.*, 2005 WI App 110, ¶18, 282 Wis. 2d 806, 699 N.W.2d 241.

¶37    The Veaches argue that their deed should be reformed to include language establishing their right to an easement. The Veaches contend that the circuit court erred in determining that there was no evidence that the parties to the deed for the Veach parcel intended to grant such an easement. The Veaches assert that the following evidence is clear and convincing proof of the mutual mistake of the parties to their deed: (1) the language of the deed for the Veach parcel; (2) the language granting the easement for the Barber parcel; (3) Daehling's affidavit; and (4) Margo Barber's comments made at the Lodi Town Board meeting.

¶38    We conclude that the Veaches have failed to demonstrate that they are entitled as a matter of law to reformation of their deed based on mutual mistake. First, the Veaches' arguments regarding the language of their deed and the easement merely rehash their arguments that those documents conclusively establish the Veaches' right to an easement. As explained earlier in this opinion, we reject the Veaches' contention that those documents evidence the parties' intent to grant such an easement to the Veach parcel. The Veaches' reliance on the language of the easement is particularly problematic because that easement was only included as part of the transaction between Hillestad and the Barbers; it does not shed any light on the intent of the Veaches or Beth and Peter Jug—the persons from whom the Veaches purchased the Veach parcel. *See id.* (holding that the reformation of a deed based on mutual mistake requires determining the intent

of the parties to that deed). Thus, we conclude that neither the easement nor the deed for the Veach parcel provides a basis to reform the deed for the Veach parcel based on mutual mistake.

¶39 Second, Daehling's affidavit is not admissible as evidence of the intent of the Jugs and the Veaches with respect to the mutual mistake claim because that affidavit does not explain how Daehling has personal knowledge of those parties' intent. Affidavits in support of summary judgment "shall be made on personal knowledge." WIS. STAT. § 802.08(3). "Affidavits 'made by persons who do not have personal knowledge' are insufficient to support summary judgment 'and will be disregarded.'" *Gemini Cap. Grp., LLC v. Jones*, 2017 WI App 77, ¶22, 378 Wis. 2d 614, 904 N.W.2d 131 (quoting *Leszczynski v. Surges*, 30 Wis. 2d 534, 538, 141 N.W.2d 261 (1966)).

¶40 Daehling's affidavit provides the following statements. Daehling averred that he "was a real estate broker for Earl Hillestad for the sale of the lots in the unrecorded Cactus Acres plat" and "was involved in the sale of the lot to Jeff and Mona Veach." According to Daehling, "it was absolutely clear that at the time that the Veaches purchased the property from the Jugs that they would have use of the easement in question" and "[e]veryone involved understood the easement to be a non-exclusive easement available for use by the lot owners." Daehling also stated that "Earl Hillestad told me that his intent was always that each lot would have access to the easement running across the northern parts of the lots."

¶41 These statements do not demonstrate that Daehling had personal knowledge of the intent of both the Jugs and the Veaches with respect to the conveyance of an easement from the Jugs to the Veaches.[18] The only portions of the affidavit suggesting that Daehling had personal knowledge of the parties' intent are Daehling's statements that he was involved in the sale of the Veach parcel to the Veaches and that he was Hillestad's real estate broker. However, the general statement that Daehling was "involved" in the sale to the Veaches does not provide a sufficient basis to reasonably infer that Daehling had personal knowledge of the intent of the Jugs and the Veaches. For instance, there is no indication in the affidavit that Daehling represented the Jugs or the Veaches in the sale of the Veach parcel and there is no information about Daehling's level of involvement in that transaction. The affidavit also provides no explanation why Daehling—as Hillestad's real estate broker—would have been involved in a transaction to which Hillestad was not a party. As a result, without evidence that Hillestad was a party to the transaction between the Jugs and the Veaches, Daehling's statement regarding Hillestad's intent has no bearing on the reformation of the Veaches' deed. *See **Chandelle Enters.**, 282 Wis. 2d 806, ¶18 (reforming a deed based on mutual mistake requires determining the intent of the parties to that deed).

¶42 Daehling's affidavit is inadmissible because it does not "reasonably impl[y]" that Daehling has personal knowledge of the intent of both the Jugs and

---

[18] The deed conveying the Veach parcel from Hillestad to the Jugs is not in the record, and it is not clear whether the Jugs were granted an easement by that deed. As a result, it is unclear whether the Jugs ever had any rights to the easement that could have been conveyed to the Veaches. In any event, as explained in the main text, we conclude that Daehling's affidavit is inadmissible as evidence of the parties' intent.

the Veaches regarding the conveyance of an easement in the Jugs' sale of the Veach parcel to the Veaches. *See **Gemini Cap. Grp.***, 2017 WI App 77, ¶23 (holding that an affidavit cannot support summary judgment under WIS. STAT. § 802.08(3) if nothing in the affidavit "reasonably implies" that the affiant had personal knowledge of the facts stated in the affidavit). Thus, because Daehling's affidavit is inadmissible as evidence of the parties' intent, it cannot constitute "clear and convincing" proof as would be necessary to support the reformation of the Veaches' deed.

¶43    Also, Margo Barber's comments at a Lodi Town Board meeting in 2001 have no bearing on the issue of mutual mistake in the present case. At this meeting, the Lodi Town Board approved a variance for the construction of a driveway connecting the Veach parcel to the easement contingent on the Veaches showing "evidence of a joint driveway agreement with all property owners." The Veaches do not provide a transcript of that meeting, but the meeting minutes note that Margo Barber commented during that meeting: "Margo Barber expressed safety concerns of the proposed shared drive." The minutes do not provide any other indication of the substance of the Barbers' comments on this issue. The Veaches fail to explain how a few words in a single sentence in the minutes of this meeting which summarizes Margo Barber's comments at that meeting would shed any light on whether the parties to the sale of the Veach parcel intended to create an easement. *See **Chandelle Enters.***, 282 Wis. 2d 806, ¶18 (when a court determines whether to reform a deed based on mutual mistake, it must determine the intent of the parties to that deed). Thus, the Veaches have failed to provide

"clear and convincing proof" that both the Jugs and the Veaches intended to grant an easement to the Veach parcel.[19]

### III. The Veaches' Appeal Is Not Frivolous.

¶44     The Barbers request an award of costs and attorney fees incurred in this appeal pursuant to WIS. STAT. § 809.25 on the ground that the Veaches' entire appeal is frivolous.  Whether an appeal is frivolous is a question of law.  *Howell v. Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621.  Sanctions for a frivolous appeal will be imposed if the court concludes that the "party or party's attorney knew, or should have known, that the appeal … [had no] reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."  *Id.* (quoting § 809.25(3)(c)2.).  This standard is objective, so we must examine what a "reasonable party or attorney knew or should have known under the same or similar circumstances."  *Id.*  Importantly, to award costs and attorney fees, we must conclude that the entire appeal is frivolous.  *Id.*

¶45     As discussed in this opinion, the Veaches' arguments on appeal are weak and do not succeed.  However, we cannot conclude in these circumstances that the Veaches' entire appeal lacks any "reasonable basis in law or equity."  *See*

---

[19] Additionally, the Veaches assert that "the extrinsic facts create a genuine issue of fact regarding … the need to reform the deed."  However, as explained in the main text, the Veaches have failed to provide evidence that could reasonably demonstrate that the parties to the deed for the Veach parcel intended to convey an easement.  Thus, there is no genuine issue of fact as to the Veaches' mutual mistake claim.  *See Central Corp. v. Research Prods. Corp.*, 2004 WI 76, ¶19, 272 Wis. 2d 561, 681 N.W.2d 178 ("An issue of fact is genuine if a reasonable jury could find for the nonmoving party.").

*id.* Accordingly, we conclude that the Veaches' appeal is not frivolous, and we deny the Barbers' motion.

## CONCLUSION

¶46 For the foregoing reasons, the order of the circuit court is affirmed.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.